**BLC LAW CENTER, APC**
Ahren A. Tiller, Esq. [SBN 250608]
ahren.tiller@blc-sd.com
1230 Columbia Street, Suite 1100
San Diego, CA 92101
Telephone: (800) 492-4033
Facsimile: (866) 444-7026

**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. [SBN: 249203]
ak@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. [SBN: 225557]
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| CINDY DELISLE and ROBERT DOUGHERTY, Individually and On Behalf of All Others Similarly Situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>SPEEDY CASH,<br><br>        Defendant. | Case No.: 3:18-cv-02042-GPC-RBB<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND PUBLIC INJUNCTIVE RELIEF FOR VIOLATIONS OF:**<br><br>  1) **CALIFORNIA'S UNFAIR COMPETITION LAW (CAL. BUS. PROF. C. §§ 17200, *ET SEQ.*);**<br><br>  2) **CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT (CAL. CIV. CODE §§ 1750, *ET SEQ.*)**<br><br>**JURY TRIAL DEMANDED** |

**INTRODUCTION**

1. The plaintiffs CINDY DELISLE ("Ms. Delisle") and ROBERT DOUGHERTY ("Mr. Dougherty") (collectively the "Plaintiffs"), individually and on behalf of all other similarly situated, bring this class action against SPEEDY CASH (hereinafter referred to as "Speedy Cash" or "Defendant") for public injunctive relief to protect the consuming public in California, including potential customers of Speedy Cash, from the threat of future injury in terms of an excessive interest rate, and to obtain recompense for California consumers who take out personal loans from Defendant.

2. Defendant's business model is to charge exorbitantly high and unconscionable interest rates, in violation of consumer protection statutes. Plaintiffs seek disgorgement of ill-gotten profits, statutory damages, punitive damages, public injunctive relief, and attorney's fees and costs.

3. Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to Plaintiffs, or to Plaintiffs' Counsel, which Plaintiffs allege on personal knowledge.

4. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of Defendant.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over this action under 28 U.S.C. §1332(d), because this is a proposed class action in which: (i) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; (ii) members of the proposed Class are citizens of a State different from Defendants; and (iii) the number of Class Members is greater than 100.

6. Defendant has sufficient minimum contacts with California and have otherwise intentionally availed itself of the markets in California through the promotion,

marketing, and sale of its products and services, sufficient to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper in this District under 28 U.S.C. §1391(b)(2) and (3) because: (i) a substantial part of the events or omissions giving rise to these claims occurred in this District; (ii) Defendant is subject to the Court's personal jurisdiction with respect to this action because Defendant conducts business in this judicial district; and (iii) Ms. Delisle resides in this judicial district.

## PARTIES

8. Plaintiffs and those similarly situated, are and at all times mentioned herein were, individual citizens and residents of the United States of America, State of California.

9. Plaintiff, CINDY DELISLE is, and all times mentioned herein was, an individual citizen and resident of the County of San Diego, State of California.

10. Plaintiff, ROBERT DOUGHERTY, is, and all times mentioned herein was, an individual citizen and resident of the County of San Bernardino, State of California.

11. Defendant Speedy Cash is a Nevada Corporation with its Corporate headquarters located at: 3527 N Ridge Road Wichita, Kansas 67205. Defendant operates at least thirty-six (36) locations throughout California.

12. Defendant Speedy Cash's primary business is offering short-term loans across the nation to low income borrowers with extreme interest rates, at times as high as 460% APR.

13. Defendant Speedy Cash is licensed by the California Department of Corporations as a California Finance Lender subject to the Cal. Fin. C. § 22000, *et. seq*.

///

///

# GENERAL ALLEGATIONS

14. Defendant Speedy Cash lends to consumers, including to California consumers, who have limited credit opportunities and provides funding to consumers subject to loan terms that most consumers are unable to repay in full. The result of this practice is that the vast majority of the loans made by Defendant Speedy Cash are essentially "interest only" loans and/or subject to default and additional penalties.

15. Defendant Speedy Cash's business model is to charge usurious interest rates so that most consumers are locked into loans they cannot afford to repay, and instead the consumers end up repaying many times the face value of the loan without significantly reducing the principal balance owed.

16. Defendant Speedy Cash heavily advertises its loan products to consumers in California via print media, internet advertisements, television, and radio.

17. Defendant Speedy Cash's pernicious loan terms create a scenario where most consumers take out a loan in times of emergency only to find later that the loan is unable to be repaid within any reasonable time period. In many case, consumers are unable to simply avoid default. As the loans progress, Speedy Cash reaps significant profits from its exorbitant interest and fees, while consumers are unable to tangibly decrease the principal balance.

18. Once consumers fall into default, Speedy Cash compounds its profits by adding default interest and penalties and subsequently aggressively pursues collection efforts.

19. Defendant Speedy Cash lends to consumers via dozens of physical stores throughout California as well as through online loan transactions.

20. Speedy Cash engages in a comprehensive advertising campaign in California for the purpose of obtaining new customers and providing the consuming public with what Speedy Cash characterizes as "Easy, Fast & Friendly Cash Loans," and provides access to such services online, in-store and over the phone.

21. The typical California consumer is unlikely to be aware that the Annual Percentage Rate ("APR") charged by Speedy Cash is excessive and/or prohibited by California law.

22. On July 14, 2018, Plaintiff, Ms. Delisle, entered into an Installment Loan and Promissory Note ("Promissory Note") with Defendant, which provided that Defendant would loan $4,457.38 to Ms. Delisle at an APR of 95.737%.

23. On October 16, 2017, Mr. Dougherty signed a Promissory Note with Defendant, which provided that Defendant would loan $2,600.00 to Mr. Dougherty at an APR of 135.441%.

24. The Promissory Note and disclosure statements presented to Plaintiffs and the members of the class were presented on a "take it or leave it" basis. Plaintiffs and the similarly situated members of the class have zero bargaining power or power to negotiate with regards to any transactions with Speedy Cash.

25. The Promissory Note for each loan was a consumer contract of adhesion under applicable California and Federal Law as it was drafted by Speedy Cash, the party in a position of superior bargaining strength, and imposed upon Plaintiffs without the opportunity to negotiate any terms.

26. Speedy Cash intentionally made the terms of each loan so onerous that they would be beyond any reasonable ability to repay the amount borrowed, as the Promissory Note required Ms. Delisle to repay a minimum of $15,097.63 for the $4,457.38 borrowed; and Mr. Dougherty to repay a minimum of $12,746.78 for the $2,600 borrowed.

27. Speedy Cash presented the terms of the Promissory Note and disclosure statements to Plaintiffs rapidly without any actual or reasonable opportunity for review. The Promissory Note and disclosure documents were only provided to Plaintiffs upon the final signing. A reasonable consumer in a similar situation would not understand the interest and penalty provisions by virtue of the method Speedy Cash uses to present the information.

28. Plaintiffs did not see, recognize, or understand the terms of the Promissory Note and disclosure statement. A reasonable consumer would similarly not understand the terms, as the business practice of Speedy Cash is to present the information in a deceptive and rapid manner that is intended to disguise the terms of the Loans.

29. On or about August 17, 2018, Ms. Delisle made a payment on the loan to Speedy Cash, and Mr. Dougherty has consistently made payments to Speedy Cash since the loans' inception. Therefore Plaintiffs incurred actual financial losses due the exorbitant and unlawful interest rates charged by Speedy Cash on each Subject Loan.

## CLASS ACTION ALLEGATIONS

30. Plaintiffs reallege and incorporates by reference all of the above paragraphs of this First Amended Complaint as though fully stated herein.

31. Plaintiffs and the members of the Class have all suffered an injury in fact as a result of the Defendant's unlawful conduct.

32. The "Class Period" means 48 months prior to the filing of the Complaint in this action.

33. Plaintiffs bring this lawsuit on behalf of themselves and other similarly situated individuals under Rule 23(b)(1), 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedures. Subject to additional information obtained through further investigation and/or discovery, the proposed class ("Class") consists of:

> All persons in the State of California who obtained loans in excess of $2,500.00 from Defendant Speedy cash within the 48 months preceding the filing of this Complaint, wherein the annual percentage rate (APR) of interest on said loans exceeded 90 percent.

**A. *Ascertainability*.** The members of the Class are readily ascertainable from Defendant's records of loans issued in the 48 months preceding this filing, and the specific terms and parties identified therein.

**B.** *Numerosity*.  The members of the Class are so numerous that their individual joinder is impracticable.  Plaintiffs are informed and believes, and on that basis alleges, that the proposed class consists of tens of thousands of members, or more.

**C.** *Existence and Predominance of Common Questions of Law and Fact*. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual Class Members. All members of the Class have been subject to the same conduct and their claims are based on the widespread dissemination of the unlawful, deceptive, and pernicious conduct by Defendant.  The common legal and factual questions include, but are not limited to, the following:

    i.  the nature, scope, and operations of the wrongful practices of Defendant;

    ii.  whether Defendant engaged in a course of unfair, unlawful, fraudulent, and/or pernicious conduct in its lending and loan practices.

    iii.  whether Defendant knew or should have known that its business practices were unfair, and/or unlawful;

    iv.  whether Defendant owed a duty of care to Plaintiffs and the Class;

    v.  whether Defendant's loan products' interest rates were so high that they were unreasonable and/or violated California law and/or public policy.

    vi.  whether Defendant harmed Plaintiffs and the Class; and

    vii.  whether Defendant was unjustly enriched by its unlawful and unfair business practices.

**D.** *Typicality*.  Plaintiff's claims are typical of the claims of the members of the Class in that Plaintiffs are members of the Class that Plaintiffs seek to represent.  Plaintiffs, like members of the proposed Class, were induced by Defendant Speedy Cash to take out a loan with unfair, unlawful, and objectively oppressive terms.

**E. *Adequacy of Representation***.  Plaintiffs will fairly and adequately protect the interests of the members of the Class.  Plaintiffs have retained counsel experienced in consumer protection law, including class actions.  Plaintiffs have no adverse or antagonistic interests to those of the Class, and will fairly and adequately protect the interests of the Class.  Plaintiff's attorneys are aware of no interests adverse or antagonistic to those of Plaintiffs and the proposed Class.

**F. *Superiority***.  A class action is superior to all other available means for the fair and efficient adjudication of this controversy.  Individualized litigation would create the danger of inconsistent and/or contradictory judgments arising from the same set of facts.  Individualized litigation would also increase the delay and expense to all parties and the courts and the issues raised by this action.  The damages or other financial detriment suffered by individual Class Members may be relatively small compared to the burden and expense that would be entailed by individual litigation of the claims against the Defendant.  The injury suffered by each individual member of the proposed class is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct.  It would be virtually impossible for members of the proposed Class to individually redress effectively the wrongs to them.  Even if the members of the proposed Class could afford such litigation, the Court system could not.  Individualized litigation increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case.  By contrast, the class action device presents far fewer management difficulties, and provides the benefits of a single adjudication, economy of scale, and comprehensive supervision by a single court.  Therefore, a class action is maintainable pursuant to Fed. R. Civ. P. 23(b)(3).

34. Unless the Class is certified, Defendant will continue its unlawful, unfair, and predatory lending practices as described herein. If the Class is certified, the harms to the public and the Class can be easily prevented or rectified.

35. Furthermore, Defendant has acted or refused to act on grounds that are generally applicable to the Class so that declaratory and injunctive relief is appropriate to the Class as a whole, making class certification appropriate pursuant to Fed R. Civ. P. 23(b)(2).

## I.
## FIRST CAUSE OF ACTION
## FOR VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW
## CAL. BUS. & PROF. CODE §§ 17200, ET SEQ.

36. Plaintiffs reallege and incorporate by reference all of the above paragraphs of this First Amended Complaint as though fully stated herein.

37. Plaintiffs and Defendant are each "person(s)" as that term is defined by Cal. Bus. & Prof. C. § 17201. Cal. Bus & Prof. C. § 17204 authorizes a private right of action on both an individual and representative basis.

38. Cal. Bus. & Prof. C. § 17204, a provision of the Unfair Competition Law (B & P C §§ 17200–17209), confers standing to prosecute actions for relief not only on the public officials named therein, but on private individuals, i.e., "any person acting for the interests of itself, its members or the general public." Thus, a private Plaintiffs who have suffered a financial injury may sue to obtain relief for others.

39. "Unfair competition" is defined by Bus. & Prof. Code § 17200 as encompassing several types of business "wrongs," including: (1) an "unlawful" business act or practice, (2) an "unfair" business act or practice, (3) a "fraudulent" business act or practice, and (4) "unfair, deceptive, untrue or misleading advertising." The

definitions in § 17200 are drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others.

40. An "injunction" is "the primary form of relief available under the UCL to protect consumers from unfair business practices." *In re Tobacco II Cases*, 46 Cal.4th 298, 319 (2009); *see also*, *Clayworth v. Pfizer, Inc.*, 49 Cal.4th 758, 789 (2010) ("[i]f a party has standing under" the UCL, "it may seek injunctive relief").

## A. *"Unlawful" Prong*

41. By knowingly and intentionally issuing loans at interest rates that are unconscionable, and objectively unreasonable, Defendant Speedy Cash has routinely engaged in unlawful business practices

42. The lending practices described herein by Defendant Speedy Cash violate Cal. Fin. C. § 22303, as they violate Cal. Civ. Code § 1670.5. *See De La Torre v. Cashcall Inc.*, No. S241434, 2018 Cal. LEXIS 5749, at *43 (Aug. 13, 2018).

43. Because Defendant Speedy Cash's business entailed violations of both Cal. Fin. C. § 22303 and/or Cal. C. § 1670.5, Defendant Speedy Cash violated California's Unfair Competition Law, Bus. & Prof. Code §§ 17200, *et seq.*, which provides a cause of action for an "unlawful" business act or practice perpetrated on consumers.

44. Defendant Speedy Cash violated Cal. Bus. & Prof. Code §§17200, *et. seq.* through unfair, unlawful, and deceptive business practices, Defendant Speedy Cash violated California's Unfair Competition Law, Bus. & Prof. Code §§ 17200 *et seq.*, which provides a cause of action for an "unlawful" business acts or practices perpetrated on consumers.

45. Defendant Speedy Cash had other reasonably available alternatives to further its legitimate business interests, other than the conduct described herein, such as continuing its massive campaign to provide loans to consumers at unreasonably high interest rates designed to perpetrate default and a cycle of perpetual

payments.

46. Plaintiffs suffered actual monetary financial injury in that their payments made to Defendant were for amounts much higher than they would have been but for Defendant's unlawful interest rates charged to Plaintiff.

47. Plaintiffs reserve the right to allege further conduct that constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

48. Plaintiffs seek public injunctive relief to benefit the general public directly by bringing an end to Defendant Speedy Cash's unlawful business practices which threaten future injury to the general public.

### B. *"Unfair" Prong*

49. Defendant Speedy Cash's actions and representations constitute an "unfair" business act or practice under § 17200 in that Defendant's conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.

50. Without limitation, the business practices describe herein are "unfair" and shock the conscience because they offend established public policy, violate California statutory protections, and are objectively immoral, unethical, oppressive, unscrupulous and/or substantially injurious to consumers in that Defendant's conduct caused Plaintiffs and the Class Members to incur debts as a result of an unlawfully charged interest rate.

51. The excessively high APR sought to be collected by, or actually charged by, Defendant Speedy Cash has a tendency to harm the general public.

52. At a date presently unknown to Plaintiff, but at least four years prior to the filing of this action, and as set forth above, Defendant committed acts of unfair competition as defined by Cal. Bus. & Prof. Code §§ 17200, *et seq.*, as described herein.

53. Despite Speedy Cash's express representation on its website that it "compl[ies]

with all federal, state, and municipal laws and regulations to ensure that [it] meet[s] consumer lending needs," Speedy Cash enters into loan agreements that require an unconscionable APR over 90% in violation of California law.

54. Defendant could and should have furthered its legitimate business interests by not perpetrating fraud on the entire representative class of California borrowers by charging an unlawful interest rate.

55. Plaintiffs, members of the Class and the general public could not have reasonably avoided the injury suffered by each of them.

56. Speedy Cash has a strong financial incentive to continue to require an APR in excess of 90% on future loans, thereby receiving more money than its compliant competitors on similar loans where the APR does not exceed 90%.

57. Plaintiffs reserve the right to allege further conduct that constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date, and is a source of considerable revenue to Defendant Speedy cash.

58. Plaintiffs seek public injunctive relief to benefit the general public directly by bringing an end to Defendant Speedy Cash's unfair business practices which threaten future injury to the general public. Specifically, an injunction requiring Speedy Cash to immediately cease entering into loan agreements with an APR in excess of 90% would benefit the public at large because the public could then not be charged an unconscionable APR by Speedy Cash.


## II.

### SECOND CAUSE OF ACTION

#### FOR VIOLATIONS OF CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT CAL. CIV. CODE §§ 1750, ET SEQ.

59. Plaintiffs re-allege and incorporate by reference all of the above paragraphs of this First Amended Complaint as though fully stated herein.

60. To date, Defendant has not complied with the demand letter, on a putative class basis, served by counsel for Ms. Delisle pursuant to California Civil Code § 1782, which was mailed on August 31, 2018 via the United States Postal Service, return receipt requested, and received by Defendant or its agent on or about September 4, 2018.

61. California Civil Code Section 1750 *et seq.*, entitled the Consumers Legal Remedies Act (hereinafter "CLRA"), provides a list of "unfair or deceptive" practices in a "transaction" relating to the sale of "goods" or "services" to a "consumer." The Legislature's intent in promulgating the CLRA is expressed in Civil Code Section 1760, which provides, *inter alia*, that its terms are to be:

> Construed liberally and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection.

62. Defendant's installment loans constitute "services" as defined pursuant to Civil Code Section 1761(a).

63. Plaintiffs, and the Class members, are each a "consumer" as defined pursuant to Civil Code Section 1761(d).

64. Each of Plaintiffs' and the Class members' installment loans constituted a "Transaction" as defined pursuant to Civil Code Section 1761(e).

65. Civil Code Section 1770(a)(19) provides that it is unlawful to "[i]nsert[] an unconscionable provision in the contract".

66. Defendant violated Civil Code Section 1770(a)(19) by including in the written student loan contract a provision for an unconscionably high Annual Percentage Rate.

67. On information and belief, Defendant's violations of the CLRA set forth herein were done with awareness of the fact that the conduct alleged was wrongful under California law and was motivated solely for Defendant's self-interest, monetary gain and increased profits.

68. Plaintiffs further allege that Defendant committed these acts knowing the harm that would result to Plaintiffs and Defendant engaged in such unfair and deceptive conduct notwithstanding such knowledge.

69. Plaintiffs suffered an "injury in fact" because Plaintiffs' money was taken by Defendant, as a result of Defendant's conduct alleged herein.

70. As a direct and proximate result of Defendant's violations of the CLRA, Plaintiffs and members of the Class are entitled to a declaration that Defendant violated the Consumer Legal Remedies Act.

71. Attached hereto as **Exhibit A** is a signed affidavit from Ms. Delisle pursuant to Cal. Civ. Code § 1780(d).

72. Attached hereto as **Exhibit B** is a signed affidavit from Mr. Dougherty pursuant to Cal. Civ. Code § 1780(d).

73. Plaintiffs and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future and to recover money damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for relief and judgment as follows:

- That this action be certified as a Class Action, Plaintiffs be appointed as the representatives of the Class, and Plaintiffs' attorneys be appointed Class counsel;

- That Defendant's wrongful conduct alleged herein be adjudged and decreed to violate the consumer protection statutory claims asserted herein;

- Public injunctive relief through the role as a Private Attorney General, pursuant to Cal. Bus. & Prof. Code §§ 17204, permanently and immediately prohibiting Defendant Speedy Cash from engaging in the unlawful conduct alleged herein, including but not limited to the inclusion

in its loan agreements any provision having the effect of imposing an APR of over 90% on loans of more than $2,500;

- A temporary, preliminary and/or permanent order for injunctive relief requiring Defendant to: (i) cease charging an unlawful interest rate on its loans exceeding $2,500; (ii) and institute corrective advertising and providing written notice to the public of the unlawfully charged interest rate on prior loans;

- An order requiring imposition of a constructive trust and/or disgorgement of Defendant's ill-gotten gains and to pay restitution to Plaintiffs and all members of the Class and, also, to restore to Plaintiffs and members of the Class all funds acquired by means of any act or practice declared by this court to be an unlawful, fraudulent, or unfair business act or practice, in violation of laws, statutes or regulations, or constituting unfair competition;

- Distribution of any monies recovered on behalf of members of the Class via fluid recovery or *cy pres* recovery where necessary and as applicable, to prevent Defendant from retaining the benefits of their wrongful conduct;

- Actual damages, injunctive relief, restitution, and punitive damages pursuant to California Code of Civil Procedure § 1780;

- Prejudgment and post judgment interest;

- Exemplary and/or punitive damages for intentional misrepresentations pursuant to, *inter alia*, Cal. Civ. Code § 3294;

- Costs of this suit;

- Reasonable attorneys' fees pursuant to, *inter alia*, California Code of Civil Procedure § 1021.5, Cal. Civ. Code § 1780, the UCL, and the common fund doctrine; and,

- Awarding any and all other relief that this Court deems necessary or appropriate.

Dated: October 16, 2018

Respectfully submitted,

**BLC LAW CENTER, APC**


By: /s/ Ahren Tiller
Ahren A. Tiller, Esq.
Attorneys for Plaintiffs

## **DEMAND FOR TRIAL BY JURY**

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiffs, individually and on behalf of all others similarly situated, are entitled to, and demand, a trial by jury on all issues triable by jury.


Dated: October 16, 2018                                  Respectfully submitted,

**BLC LAW CENTER, APC**


By: _/s/ Ahren Tiller_____
              Ahren A. Tiller, Esq.
              Attorneys for Plaintiffs

EXHIBIT A

# DECLARATION OF CINDY DELISLE

**I, CINDY DELISLE, declare:**

1. On July 14, 2018, I entered into an Installment Loan and Promissory Note with Speedy Cash at 380 Broadway, Suite 103, El Cajon, CA 92021.

2. The loan was for $4,457.38.

3. I have resided in the County of San Diego, California since before 2018.

4. It is my understanding that Speedy Cash offers and enters into installment loans with consumers throughout California, including the County of San Diego, California.

 

I declare under penalty of perjury under the laws of California and the United States of America that the foregoing is true and correct, and that this declaration was executed on October 03, 2018.

By: _Cindy Delisle_
       Cindy Delisle

# EXHIBIT B

# DECLARATION OF ROBERT DOUGHERTY

**I, ROBERT DOUGHERTY, declare:**

1. On October 16, 2017, I entered into an Installment Loan and Promissory Note with Speedy Cash at 4915 Moreno St, Montclair, CA 91763.

2. The loan was for $2,675.00.

3. I have resided in the County of San Bernardino, California since before 2017.

4. It is my understanding that Speedy Cash offers and enters into installment loans with consumers throughout California, including the County of San Diego, California.

I declare under penalty of perjury under the laws of California and the United States of America that the foregoing is true and correct, and that this declaration was executed on October *11*, 2018.

By _____
Robert Dougherty