PAUL L. GALE, Bar No. 065873
paul.gale@troutman.com
TROUTMAN SANDERS LLP
5 Park Plaza, Suite 1400
Irvine, CA 92614-2545
Telephone: 949.622.2700
Facsimile: 949.622.2739

JAMES B. MANLEY, JR., *Admitted Pro Hac Vice*
jim.manley@troutman.com
LINDSEY B. MANN, *Admitted Pro Hac Vice*
lindsey.mann@troutman.com
W. ALEX SMITH, *Admitted Pro Hac Vice*
alex.smith@troutman.com
TROUTMAN SANDERS LLP
600 Peachtree Street, NE, Suite 3000
Atlanta, GA 30308
Telephone: 404.885.3000

Attorneys for Defendant
SPEEDY CASH

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDY DELISLE and ROBERT DOUGHERTY, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>SPEEDY CASH,<br><br>Defendant. | Case No. 3:18-cv-02042-GPC-RBB<br><br>Honorable Gonzalo P. Curiel<br><br>**DEFENDANT'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT** |

Defendant Speedy Cash hereby answers Plaintiffs' First Amended Class Action Complaint (the "First Amended Complaint") as follows:

Speedy Cash responds to the individually numbered paragraphs alleged in the First Amended Complaint as follows:

1. In response to the allegations in Paragraph 1 of the First Amended Complaint, Speedy Cash admits only that Plaintiffs purport to file a putative class action against Speedy Cash and purport to request the relief set forth in Paragraph 1. Speedy Cash denies that Plaintiffs and members of the putative class seek public injunctive relief or that they are entitled to any relief.

2. Speedy Cash denies the allegations in the first sentence of Paragraph 2 of the First Amended Complaint. In response to the allegations in the second sentence of Paragraph 2 of the First Amended Complaint, Speedy Cash admits only that Plaintiffs purport to request the relief set forth in Paragraph 2, but Speedy Cash denies that Plaintiffs and members of the putative class seek public injunctive relief or that they are entitled to any relief.

3. Speedy Cash is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the First Amended Complaint, and those allegations are therefore denied.

4. Paragraph 4 of the First Amended Complaint contains no factual allegations to which a response is required. To the extent a response is required, Speedy Cash is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the First Amended Complaint, and those allegations are therefore denied.

5. In response to the allegations in Paragraph 5 of the First Amended Complaint, Speedy Cash admits only that subject matter jurisdiction is currently proper before this Court for the limited purpose of enforcing the parties' arbitration agreements and that Plaintiffs purports to bring a class action in which the alleged amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest

and costs, in which there are at least 100 members of the putative class, and in which members of the putative class are citizens of a State different from Speedy Cash. Speedy Cash denies that any class should be certified in this action. Except as specifically set forth herein, Speedy Cash denies the allegations in Paragraph 5 of the First Amended Complaint.

6. In response to the allegations in Paragraph 6 of the First Amended Complaint, Speedy Cash admits only that personal jurisdiction over Speedy Cash is currently proper before this Court for the limited purpose of enforcing the parties' arbitration agreements. The remaining allegations in Paragraph 6 of the First Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Speedy Cash denies the allegations in Paragraph 6 of the First Amended Complaint.

7. In response to the allegations in Paragraph 7 of the First Amended Complaint, Speedy Cash admits only that venue is currently proper before this Court for the limited purpose of enforcing the parties' arbitration agreements and that Speedy Cash conducts business in the Southern District of California. Except as specifically set forth herein, Speedy Cash denies the allegations in Paragraph 7 of the First Amended Complaint.

8. Speedy Cash is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the First Amended Complaint, and those allegations are therefore denied.

9. Speedy Cash admits the allegations in Paragraph 9 of the First Amended Complaint based on the most recent information provided to Speedy Cash.

10. Speedy Cash admits the allegations in Paragraph 10 of the First Amended Complaint based on the most recent information provided to Speedy Cash.

11. In response to the allegations in Paragraph 11 of the First Amended Complaint, Speedy Cash admits the allegations in the first sentence. Speedy Cash also admits that it operates 31 store locations in California. By way of further response, Galt Ventures, LLC ("Galt Ventures") is a Kansas Corporation with its corporate headquarters located at 3527 N Ridge Road, Wichita, Kansas 67205, and does business in California as Speedy Cash. Galt Ventures operates 6 store locations in California.

12. In response to the allegations in Paragraph 12 of the First Amended Complaint, Speedy Cash admits that it is in the business of, among other things, issuing loans to borrowers who reside in several states. Except as specifically set forth herein, Speedy Cash denies the allegations of Paragraph 12 of the First Amended Complaint.

13. Speedy Cash admits the allegations in Paragraph 13 of the First Amended Complaint.

14. In response to the allegations in Paragraph 14 of the First Amended Complaint, Speedy Cash admits that it is in the business of, among other things, issuing loans to borrowers who reside in California. Except as specifically set forth herein, Speedy Cash denies the allegations of Paragraph 14 of the First Amended Complaint.

15. Speedy Cash denies the allegations in Paragraph 15 of the First Amended Complaint.

16. In response to the allegations in Paragraph 16 of the First Amended Complaint, Speedy Cash admits that it advertises its financial services to consumers in California via print media, internet advertisements, television, and radio. Except as specifically set forth herein, Speedy Cash denies the allegations in Paragraph 16 of the First Amended Complaint.

17. Speedy Cash denies the allegations in Paragraph 17 of the First Amended Complaint.

18. Speedy Cash denies the allegations in Paragraph 18 of the First Amended Complaint.

19. In response to the allegations in Paragraph 19 of the First Amended Complaint, Speedy Cash admits that it lends to consumers via 31 physical stores in California. Galt Ventures does business in California as Speedy Cash and lends to consumers via 6 physical store locations in California and through online loan transactions in California. By way of further response, Speedy Cash states that its methods of lending vary state to state.

20. In response to the allegations in Paragraph 20 of the First Amended Complaint, Speedy Cash admits that it advertises its financial services to consumers in California and has used the phrase "Easy, Fast & Friendly Cash Loans" in its advertising to California customers. Speedy Cash further admits that it provides access to financial services to California consumers via the internet, physical stores, and the telephone.

21. Speedy Cash denies the allegations in Paragraph 21 of the First Amended Complaint.

22. In response to the allegations in Paragraph 22 of the First Amended Complaint, Speedy Cash admits that it entered into an Installment Loan Promissory Note and Security Agreement with Ms. Delisle on or about July 14, 2018 (the "Delisle Agreement"). The Delisle Agreement is a written document that speaks for itself as to content and legal effect, and Speedy Cash denies any allegation that is inconsistent with or contrary to the provisions of that document.

23. In response to the allegations in Paragraph 23 of the First Amended Complaint, Speedy Cash admits that it entered into an Installment Loan Promissory Note with Mr. Dougherty on or about October 16, 2017 (the "Dougherty Agreement"). The Dougherty Agreement is a written document that speaks for itself as to content and legal effect, and Speedy Cash denies any allegation that is inconsistent with or contrary to the provisions of that document.

24. Speedy Cash denies the allegations in Paragraph 24 of the First Amended Complaint.

25. Speedy Cash denies the allegations in Paragraph 25 of the First Amended Complaint.

26. Speedy Cash denies the allegations in Paragraph 26 of the First Amended Complaint.

27. Speedy Cash denies the allegations in Paragraph 27 of the First Amended Complaint.

28. Speedy Cash is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 28 of the First Amended Complaint, and those allegations are therefore denied. Speedy Cash denies the allegations in the second sentence of Paragraph 28 of the First Amended Complaint.

29. In response to the allegations in Paragraph 29 of the First Amended Complaint, Speedy Cash admits that Ms. Delisle made a payment to Speedy Cash on or about August 17, 2018 and that Mr. Dougherty has made multiple payments to Speedy Cash. Except as specifically set forth herein, Speedy Cash denies the allegations in Paragraph 29 of the First Amended Complaint.

30. In response to the allegations in Paragraph 30 of the First Amended Complaint, Speedy Cash incorporates its responses to Paragraphs 1 through 29 of the First Amended Complaint as if fully set forth herein.

31. Speedy Cash denies the allegations in Paragraph 31 of the First Amended Complaint.

32. Speedy Cash admits that Plaintiffs purport to sue on behalf of themselves and a class for a class period of 48 months prior to the filing of the Complaint, but denies that the class has been properly defined and that any class should be certified. Except as specifically set forth herein, Speedy Cash denies the allegations in Paragraph 32 of the First Amended Complaint.

33. In response to the allegations in Paragraph 33 of the First Amended Complaint, Speedy Cash admits that Plaintiffs purport to represent a class, but denies that Plaintiffs have properly defined the class that they seek to represent, denies that any class should be certified in this action, and denies that Speedy Cash has engaged in any wrongful practice. Except as specifically set forth herein, Speedy Cash denies the allegations in Paragraph 33 of the First Amended Complaint, including all of its subparts.

34. Speedy Cash denies the allegations in Paragraph 34 of the First Amended Complaint.

35. Speedy Cash denies the allegations in Paragraph 35 of the First Amended Complaint.

36. In response to the allegations in Paragraph 36 of the First Amended Complaint, Speedy Cash incorporates its responses to Paragraphs 1 through 35 of the First Amended Complaint as if fully set forth herein.

37. Paragraph 37 of the First Amended Complaint cites California statutes that speak for themselves and states legal conclusions to which no response is required. To the extent that a response is required, Speedy Cash denies the allegations in Paragraph 37 of the First Amended Complaint to the extent that they are inconsistent with governing law.

38. Paragraph 38 of the First Amended Complaint cites a California statute that speaks for itself and states legal conclusions to which no response is required. To the extent that a response is required, Speedy Cash denies the allegations in Paragraph 38 of the First Amended Complaint to the extent that they are inconsistent with governing law.

39. Paragraph 39 of the First Amended Complaint cites a California statute that speaks for itself and states legal conclusions to which no response is required. To the extent that a response is required, Speedy Cash denies the allegations in

Paragraph 39 of the First Amended Complaint to the extent that they are inconsistent with governing law.

40. Paragraph 40 of the First Amended Complaint contains no factual allegations and states legal conclusions to which no response is required. To the extent that a response is required, Speedy Cash denies the allegations in Paragraph 40 of the First Amended Complaint to the extent that they are inconsistent with governing law.

41. Speedy Cash denies the allegations in Paragraph 41 of the First Amended Complaint.

42. Speedy Cash denies the allegations in Paragraph 42 of the First Amended Complaint.

43. Speedy Cash denies the allegations in Paragraph 43 of the First Amended Complaint.

44. Speedy Cash denies the allegations in Paragraph 44 of the First Amended Complaint.

45. Speedy Cash denies the allegations in Paragraph 45 of the First Amended Complaint.

46. Speedy Cash denies the allegations in Paragraph 46 of the First Amended Complaint.

47. Paragraph 47 of the First Amended Complaint contains no factual allegations and states legal conclusions to which no response is required. To the extent that a response is required, Speedy Cash denies that it has committed unfair business acts or practices, and Speedy Cash further denies the allegations in Paragraph 47 of the First Amended Complaint to the extent that they are inconsistent with governing law.

48. In response to the allegations in Paragraph 48 of the First Amended Complaint, Speedy Cash admits only that Plaintiffs purport to request the relief set

forth in Paragraph 48. Speedy Cash denies that Plaintiffs and members of the putative class seek public injunctive relief or that they are entitled to any relief.

49. Speedy Cash denies the allegations in Paragraph 49 of the First Amended Complaint.

50. Speedy Cash denies the allegations in Paragraph 50 of the First Amended Complaint.

51. Speedy Cash denies the allegations in Paragraph 51 of the First Amended Complaint.

52. Speedy Cash denies the allegations in Paragraph 52 of the First Amended Complaint.

53. In response to the allegations in Paragraph 53 of the First Amended Complaint, Speedy Cash admits only that it has represented on its website that it complies with all federal, state, and municipal laws and regulations. Except as set forth herein, Speedy Cash denies the remaining allegations in Paragraph 53 of the First Amended Complaint.

54. Speedy Cash denies the allegations in Paragraph 54 of the First Amended Complaint.

55. Speedy Cash denies the allegations in Paragraph 55 of the First Amended Complaint.

56. Speedy Cash denies the allegations in Paragraph 56 of the First Amended Complaint.

57. Paragraph 57 of the First Amended Complaint contains no factual allegations and states legal conclusions to which no response is required. To the extent that a response is required, Speedy Cash denies that it has committed unfair business acts or practices, and Speedy Cash further denies the allegations in Paragraph 57 of the First Amended Complaint to the extent that they are inconsistent with governing law.

58. In response to the allegations in Paragraph 58 of the First Amended Complaint, Speedy Cash admits only that Plaintiffs purport to request the relief set forth in Paragraph 58. Speedy Cash denies that Plaintiffs and members of the putative class seek public injunctive relief or that they are entitled to any relief.

59. In response to the allegations in Paragraph 59 of the First Amended Complaint, Speedy Cash incorporates its responses to Paragraphs 1 through 58 of the First Amended Complaint as if fully set forth herein.

60. Speedy Cash admits that its registered agent received a letter on September 4, 2018 from counsel for Ms. Delisle dated August 31, 2018. The remaining allegations in Paragraph 60 of the First Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Speedy Cash denies the allegations in Paragraph 60 of the First Amended Complaint.

61. Paragraph 61 of the First Amended Complaint cites a California statute that speaks for itself and states legal conclusions to which no response is required. To the extent that a response is required, Speedy Cash denies the allegations in Paragraph 61 of the First Amended Complaint to the extent that they are inconsistent with governing law.

62. Paragraph 62 of the First Amended Complaint cites a California statute that speaks for itself and states legal conclusions to which no response is required. To the extent that a response is required, Speedy Cash denies the allegations in Paragraph 62 of the First Amended Complaint to the extent that they are inconsistent with governing law.

63. Paragraph 63 of the First Amended Complaint cites a California statute that speaks for itself and states legal conclusions to which no response is required. To the extent that a response is required, Speedy Cash denies the allegations in Paragraph 63 of the First Amended Complaint to the extent that they are inconsistent with governing law.

64. Paragraph 64 of the First Amended Complaint cites a California statute that speaks for itself and states legal conclusions to which no response is required. To the extent that a response is required, Speedy Cash denies the allegations in Paragraph 64 of the First Amended Complaint to the extent that they are inconsistent with governing law.

65. Paragraph 65 of the First Amended Complaint cites a California statute that speaks for itself and states legal conclusions to which no response is required. To the extent that a response is required, Speedy Cash denies the allegations in Paragraph 65 of the First Amended Complaint to the extent that they are inconsistent with governing law.

66. Speedy Cash denies the allegations in Paragraph 66 of the First Amended Complaint.

67. Speedy Cash denies the allegations in Paragraph 67 of the First Amended Complaint.

68. Speedy Cash denies the allegations in Paragraph 68 of the First Amended Complaint.

69. Speedy Cash denies the allegations in Paragraph 69 of the First Amended Complaint.

70. Speedy Cash denies the allegations in Paragraph 70 of the First Amended Complaint.

71. In response to the allegations in Paragraph 71 of the First Amended Complaint, Speedy Cash admits only that Plaintiffs have attached as Exhibit A to the First Amended Complaint an affidavit that purports to have been signed by Ms. Delisle.

72. In response to the allegations in Paragraph 72 of the First Amended Complaint, Speedy Cash admits only that Plaintiffs have attached as Exhibit B to the First Amended Complaint an affidavit that purports to have been signed by Mr. Dougherty.

73. In response to the allegations in Paragraph 73 of the First Amended Complaint, Speedy Cash admits only that Plaintiffs purport to request the relief set forth in Paragraph 73. Speedy Cash denies that Plaintiffs and members of the putative class are entitled to any relief.

*****

74. Except as expressly set forth herein, Speedy Cash denies all allegations in the First Amended Complaint, including allegations in any unnumbered paragraphs or headings of the First Amended Complaint. Speedy Cash further denies that Plaintiffs seek public injunctive relief or are entitled to any of the relief prayed for in the First Amended Complaint, or to any other or further relief from the Court.

*****

75. Speedy Cash admits Plaintiffs are entitled to demand a jury trial only as to those claims for which a right to trial by jury is permitted by law.

## **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

76. Plaintiffs' claims are subject to valid and enforceable arbitration agreements, which are contained in the Delisle Agreement and the Dougherty Agreement (together, the "Agreements"). Speedy Cash requests that Plaintiffs immediately dismiss the First Amended Complaint and each file his or her claims in arbitration on an individual basis, and, if Plaintiffs fail to do so, Speedy Cash moves and requests this Court to enter an order compelling Plaintiffs to arbitrate the claims.

### **SECOND AFFIRMATIVE DEFENSE**

77. The First Amended Complaint fails to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

78. Plaintiffs have failed to comply with the Pre-Dispute Resolution Procedure contained within the Agreements, which is a condition precedent to the filing of a lawsuit asserting claims against Speedy Cash that arise from or relate in any way to the Agreements. To the extent that any putative class member entered into an agreement with Speedy Cash containing a provision that requires pre-dispute notice, the claims of that putative class member are barred for failure to comply with the pre-dispute notice.

## FOURTH AFFIRMATIVE DEFENSE

79. Speedy Cash denies that Plaintiffs or any members of the putative class sustained any damages.

## FIFTH AFFIRMATIVE DEFENSE

80. Speedy Cash has not caused Plaintiffs or any member of the putative class any financial injury.

## SIXTH AFFIRMATIVE DEFENSE

81. If Plaintiffs or any member of the punitive class sustained any damages as alleged in Plaintiffs' First Amended Complaint, which is specifically denied by Speedy Cash, then those individuals have failed to mitigate those damages.

## SEVENTH AFFIRMATIVE DEFENSE

82. Some or all of the claims of Plaintiffs and of members of the putative class are barred by the voluntary prior payment doctrine. Plaintiffs voluntarily paid and failed to object to the payment of the interest rates at issue in the First Amended Complaint and thereby consented to the interest rates through their conduct. In addition to voluntarily paying the interest rates at issue in the First Amended Complaint, Speedy Cash's assessment of those interest rates was in accordance with the Agreements, which governs Plaintiffs' loans and to which Plaintiffs agreed.

## EIGHTH AFFIRMATIVE DEFENSE

83. The First Amended Complaint fails to adequately define any class of persons who could properly prosecute this action as a class action, fails to allege any claim that can be prosecuted as a class action, and otherwise fails to satisfy the requirements of class certification.

## NINTH AFFIRMATIVE DEFENSE

84. Plaintiffs' claims, including claims made on behalf of the putative class, are barred or diminished by Speedy Cash's right to setoff and/or recoupment. Specifically, any monetary recovery or other relief awarded must be offset and reduced by any amounts Plaintiffs or any member of the putative class owe to Speedy Cash.

## TENTH AFFIRMATIVE DEFENSE

85. As discovery of the evidence may show, Plaintiffs' claims, including claims made on behalf of the putative class, are barred by the doctrines of estoppel, laches, unclean hands, waiver and/or ratification. Through their conduct, Plaintiffs and each member of the putative class consented to the interest rates at issue in the First Amended Complaint. In addition, the Agreements signed by Plaintiffs and the loan agreements signed by the members of the putative class informed Plaintiffs and the members of the putative class of the interest rate to be charged on his or her respective loan. Further, Plaintiffs and each member of the putative class waived their right to a jury trial and to participate in a class action in court or in arbitration.

## ELEVENTH AFFIRMATIVE DEFENSE

86. As discovery of the evidence may show, some or all of Plaintiffs' claims, including claims made on behalf of the putative class, are barred by executing a release. No member of the putative class who has executed a release for the claims asserted in the First Amended Complaint may pursue claims alleged by Plaintiffs in the First Amended Complaint.

**TWELFTH AFFIRMATIVE DEFENSE**

87. As discovery of the evidence may show, some or all of Plaintiffs' claims, including claims made on behalf of the putative classes, are barred because Plaintiffs and/or members of the putative class lack standing under Article III of the Constitution, any state constitution, and/or any statute, to bring some or all of the purported claims raised in the First Amended Complaint. Plaintiffs and members of the putative classes have not suffered legal injury, and any alleged injury is not fairly traceable to the actions of Speedy Cash.

**THIRTEENTH AFFIRMATIVE DEFENSE**

88. As discovery of the evidence may show, some or all of Plaintiffs' claims, including claims made on behalf of the putative class, may be the subject of prior pending action(s).

**FOURTEENTH AFFIRMATIVE DEFENSE**

89. At all times and under all circumstances relevant to the First Amended Complaint, Speedy Cash acted in good faith and without malice.

**FIFTEENTH AFFIRMATIVE DEFENSE**

90. As discovery of the evidence may show, some of all of Plaintiffs' claims, including claims made on behalf of the putative class, are barred by principles of res judicata and/or collateral estoppel by virtue of the failure to schedule such claims as assets in prior proceedings under Title 11 of the United States Code.

**SIXTEENTH AFFIRMATIVE DEFENSE**

91. As discovery of the evidence may show, some or all of Plaintiffs' claims, including claims made on behalf of the putative class, may be barred by principles of res judicata and/or collateral estoppel by virtue of the failure to assert such claims as compulsory counterclaims in prior litigation.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

92. Neither Plaintiffs nor any member of the putative class relied upon any alleged misrepresentation or concealment by Speedy Cash to his or her detriment.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

93. Some or all of Plaintiffs' claims, including claims made on behalf of the putative class, are barred by lack of consideration.

**NINETEENTH AFFIRMATIVE DEFENSE**

94. Some or all of Plaintiffs' claims, including claims made on behalf of the putative class, are barred because Plaintiffs and/or members of the putative class could have reasonably avoided any harm purportedly caused by Speedy Cash's conduct.

**TWENTIETH AFFIRMATIVE DEFENSE**

95. Speedy Cash reserves the right to assert any additional affirmative defenses and matters in avoidance as may be disclosed during the course of additional investigation and discovery. In particular, in the event a class is certified in this action, Speedy Cash reserves the right to advance additional affirmative defenses applicable to any individual class member.

WHEREFORE, having asserted the above defenses and having fully responded to Plaintiffs' First Amended Complaint, Defendant Speedy Cash respectfully requests that the Court grant the following relief:

(1) that the Court compel arbitration of this matter and stay the action pending the completion of the arbitration;

(2) that the Court enter judgment in favor of Speedy Cash and against Plaintiffs, that Plaintiffs take nothing from Speedy Cash, and that Plaintiffs' First Amended Complaint be dismissed with prejudice;

(3) that the Court award in favor of Speedy Cash and against Plaintiffs the costs and expenses, including reasonable attorney's fees, incurred by Speedy Cash as a result of this action; and

(4) that the Court grant to Speedy Cash such other and further relief as it deems just, equitable, and proper.

Dated: October 30, 2018

Paul L. Gale
James B. Manley, Jr.
Lindsey B. Mann
W. Alex Smith
TROUTMAN SANDERS LLP

By: */s/ Paul L. Gale*
    Paul L. Gale

Attorneys for Defendant
SPEEDY CASH

DEFENDANT'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT     3:18-CV-02042-GPC-RBB

## **PROOF OF SERVICE**

I, Felisa H. Lybarger, declare:

I am a citizen of the United States and employed in Orange County, CA. I am over the age of 18 and not a party to the within action; my business address is 5 Park Plaza, Suite 1400, Irvine, CA 92614-2545.

On October 30, 2018, I served the foregoing document through the CM/ECF system on all participants in the case as follows:

    Ahren A. Tiller
    BLC LAW CENTER, APC
    1230 Columbia Street, Suite 1100
    San Diego, CA 92101
    Email: ahren.tiller@blc-sd.com

    Abbas Kazerounian
    Jason A. Ibey
    Nicholas Ryan Barthel
    KAZEROUNIAN LAW GROUP, APC
    245 Fischer Avenue, Suite D1
    Costa Mesa, CA 92626
    Email: ak@kazlg.com
    Email: jason@kazlg.com
    Email: nicholas@kazlg.com

    Joshua B. Swigart
    HYDE & SWIGART
    2221 Camino Del Rio South
    Suite 101
    San Diego, CA 92108
    Email: josh@westcoastlitigation.com

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on October 30, 2018, at Irvine, CA.

*/s/ Felisa H. Lybarger*

Felisa H. Lybarger

36478959                                                                                      3:18-CV-02042-GPC-RBB