# EXHIBIT A

to Declaration of Katrina Anthony in Support of
Defendant Speedy Cash's Motion to Compel Arbitration
and to Stay Proceedings

## SPEEDY CASH INSTALLMENT LOAN
## PROMISSORY NOTE AND SECURITY AGREEMENT

California Finance Lenders License No.: 603L145

Borrower:
CINDY DELISLE

Redacted

Lender:
SPEEDY CASH
380 BROADWAY, SUITE 103
EL CAJON, CA 92021
(619) 447-4547

Agreement Date: 14 Jul 2018

Loan Principal $4,457.38

### Description of Motor Vehicle ("Vehicle")

Make: NISSAN

VIN: Redacted

Year: 2015

Color: SILVER

Model: SENTRA

License #: Redacted

This is our Agreement with you regarding your Loan with us.  It contains important terms and conditions affecting your Loan.  **You should read this Agreement carefully before you sign it.**

### Federal Truth in Lending Disclosures

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 95.737% | $10,640.25 | $4,457.38 | $15,097.63 |

**Your Payment Schedule will be:**

| Number of Payments | Amount of Payment | When Payment is Due |
|---|---|---|
| 44 | $335.54 | Every 4th Friday, beginning 03 Aug 2018 |
| 1 | $333.87 | 17 Dec 2021 |
| | | |

**Insurance:** You may obtain property insurance from anyone you want that is acceptable to us.

**Security:**     You are giving a security interest in: the above-described motor vehicle and the Optional Loan Payment Authorization you have signed, if any.

**Filing Fees:** $0.00

**Prepayment:**  If you pay off early, you will not have to pay a penalty.  A prepayment penalty/charge may not be imposed for paying all or part of the principal balance before the date on which the principal is due. If you pay off early, you may be entitled to a refund of part of the finance charge.

**Late Charge:**  If the full amount of the payment due is not paid in full within 10 days after the Due Date described above, we may charge you a late fee penalty of $10.00.

See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

36349306
14 Jul 2018


*40484893*

CATME002017321

Itemization of Amount Financed of ___$4,457.38___

| | |
|---|---|
| $2,300.00 | Amount given to you directly |
| $2,157.38 | Amount paid on your account |
| $0.00 | Amount paid to others on your behalf |
| $0.00 | to [public officials] [credit bureau] [appraiser] [insurance company] |
| $0.00 | to [other] |

## Terms and Conditions

**Definitions:** Certain words used in this Agreement have special meanings. The word **"Agreement"** means this Installment Loan Promissory Note and Security Agreement. The words **"you"** and **"your"** mean the person signing this Agreement. The words **"we**," **"us**," and **"our"** mean the Lender identified on the first page of this Agreement in the upper right hand corner doing business as Speedy Cash, inclusive of Lender's agents, successors and lawful assigns. The word **"Vehicle"** means the vehicle described above. The word **"Loan"** means the installment loan that is described and governed by this Agreement. The boxed-in disclosures above are part of the terms and conditions of this Agreement.

**Promise to Pay:** You promise to pay us the Loan Principal amount shown above ("principal"), together with interest and other fees, penalties and charges as provided in this Agreement.

**Interest Rate:** We charge and you agree to pay a rate of ___8.00%___ per month ("Interest Rate"). The interest shall be computed on the basis of the number of days actually elapsed. We calculate the daily simple interest factor by multiplying the Interest Rate by 12 and dividing the product by 365. Interest shall not be payable in advance or compounded. Interest shall accrue on the outstanding principal balance until payment in full.

**Scheduled Payment Amounts:** The Payment Schedule above assumes all of your payments are made on time. If you are late making a payment, the amount of your last payment may be greater than disclosed in the Payment Schedule. Likewise, if you are late making a payment, the Finance Charge and Total of Payments may be greater than disclosed above. Interest continues to accrue on the delinquent portion of any scheduled payment until the payment is made in full, and regardless of whether you have been charged a late fee because of the delinquent payment.

**Payments:** You agree to pay to us principal and interest in accordance with the Payment Schedule shown above without prior demand, notice or claim of set off. Payments of the aggregate amount contracted (Total of Payments) are to be paid in substantially equal periodic installments, the first of which shall be due not less than 15 days nor more than one month and 15 days from the date the Loan is made. Payments must be received in cash or approved money order or cashier's check on or before the close of business on the date payment is due. To obtain information on hours of operation, contact Lender. **If you do not timely pay, then we may submit your payment due by the optional payment authorizations you may have elected to provide to us.** All payments will be applied in the following order: (i) uncollected fees, (ii) default fees, (iii) returned check fees, (iv) late charges, (v) accrued interest, then (vi) principal. You have the right to make payments in any amount in advance at any time.

**Late Charge:** If the full amount of the payment due is not paid within 10 days after the due date described above, we may charge you a late fee penalty of $10.00.

**Prepayment:** You have the right to make payment in advance and in any amount on any contract of loan (including this Loan) at any time. If you prepay your Loan, you will not have to pay a penalty, but you will not be entitled to a refund of any amounts paid to public officials for lien fees. If you default, you may be required to prepay the outstanding balance of your Loan in full.

**Rescission:** You may cancel this Loan without paying any Finance Charge. To do so you must pay us all amounts that we have given you under this Agreement no later than the close of business on the next business day following the date of this Agreement. Your payment must be in the form of cash. If we receive your payment on time, we will refund any prior amounts you have paid us in advance and cancel your Loan.

**Voluntary Authorizations:** If you have so indicated by your signature on any accompanying Optional Loan Payment Authorization, then your signature authorizes and directs us to process your loan payments electronically as Electronic Funds Transfers and if you provide us with a Card or a Bank Account (as those terms are defined in the Optional Loan Payment Authorization), you agree to the Authorizations as set forth therein.

**Federal Disclosure of the Optional Loan Payment Authorization as Security.** Pursuant to Comment 2(a)(25) of the Official Staff Commentary to Regulation Z §1026.2, we have disclosed to you that our interest in any Optional Loan Payment Authorization you have elected to provide is a security interest for Federal Truth-In-Lending Act purposes only, because federal and state law do not clearly address whether our interest in any Optional Loan Payment Authorization you elected to provide is a "security interest." However, the Federal Truth-In-Lending disclosures are not intended to create a security interest under state law.

**Security Interest:** You grant us a security interest in the Vehicle. You also grant us a security interest in (1) all accessions, attachments, accessories and additions to the Vehicle, (2) all proceeds from the sale or other disposition of the Vehicle, and (3) all insurance proceeds paid if the Vehicle is damaged, destroyed, stolen, or lost. You authorize us to file any documents and take other actions reasonably necessary to ensure that our security interest may be properly attached and perfected. You agree to provide

reasonable cooperation by signing documents or taking any other action we may request. You appoint us as your attorney-in-fact to sign in your name documents, applications, filings and certificates of title and transfer documents that are reasonably necessary to perfect our right to transfer ownership of the Vehicle if you default. To the extent allowed by law, you agree to pay all government imposed fees necessary to file any documents in connection with your obligations under this Agreement. You agree that our security interest will continue uninterrupted until all obligations you owe us are satisfied, even if we refinance, renew or extend this Loan.

**Representations and Promises:** You make all of the following representations and promises to us:

*Title*: Except in cases where you have notified us of a perfected security interest on your Vehicle and we have agreed to be an unperfected security interest holder, you have full, unencumbered legal title to the Vehicle. Except for any such superior security interest and the security interest you have granted to us, the Vehicle is free and clear of all liens, security interests, chattel mortgages, encumbrances, and other claims. You will not allow any other liens or security interests on the Vehicle. Without our prior written consent, you will not transfer any of your ownership rights in the Vehicle, whether by sale, lease, or otherwise, until all of your obligations under this Agreement are satisfied in full. Any transfer without our consent will be void and have no legal effect. You will not apply for a new certificate of title for the Vehicle for so long as you have any obligations under this Agreement. You have full legal authority and capacity to sign this Agreement and grant a security interest in the Vehicle.

*Unperfected Security Interest Transaction*: If you obtain an unperfected security interest loan from us, you will not default upon your perfected security interest loan, you shall timely make each and every payment owed to the perfected security interest holder and perform every other term under that loan. Your signature below authorizes us to communicate with the perfected security interest holder and obtain the status and other information concerning that loan. You further authorize us to purchase or pay off your perfected security interest holder, in our sole discretion, and direct that lender to forward your certificate of title to us. You further certify to us that any agreement that you have with the perfected security interest holder or anyone else does not preclude you from granting us a security interest in your Vehicle.

*Maintenance and Inspection*: You will maintain the Vehicle in good working order and in substantially the same condition and repair as of the original date of this Agreement. You will tell us immediately if the Vehicle is damaged, destroyed, stolen, or lost. You agree that we or our agents or representatives may, from time to time, inspect the Vehicle.

*Use of the Vehicle*: You may possess and use the Vehicle for so long as you are not in default under this Agreement. You will use the Vehicle only for routine travel and consistent with the purposes for which it was intended. Without our prior consent, you may not remove the Vehicle from the State of California.

*Insurance*: You must maintain, at your expense, proof of insurance on the Vehicle for so long as you have any obligations under this Agreement. We may also require you to name us as the loss payee with respect to such insurance. At our request, you agree to provide us with proof that you are maintaining the insurance required by this Agreement. You assign to us the right to receive the proceeds of any insurance on the Vehicle, and direct any insurer to pay those proceeds directly to us. You authorize us to endorse on your behalf any check or draft provided to us as the proceeds of such insurance, and apply those proceeds to any amounts due under this Agreement.

**Returned Payment Fee:** If any payment you make under this Agreement is returned to us unpaid due to insufficient funds or account closure, you agree to pay us a Returned Payment Fee of $15.00, plus any fees charged by our financial institution for the returned check.

**Nonpayment and Default:** You will be in default if (1) you fail to make any payment in the required amount when due under this Agreement; (2) you break any promise you have made under this Agreement; (3) any representation you have made under this Agreement is untrue or becomes untrue; (4) our security interest in the Vehicle is or becomes invalid; (5) you become insolvent, meaning you are unable to pay your debts as they become due or any proceeding is commenced by you or against you under any state or federal bankruptcy or insolvency laws; (6) your Vehicle is damaged, destroyed, stolen, or lost and you do not have insurance that covers those events; or (7) you use your Vehicle in connection with the commission of a crime or for any other unlawful purpose.

**Our Rights Upon Default:** If you default, we may take any of the following actions to the extent allowed by applicable law: (1) we may require you to pay immediately the entire unpaid principal balance and all accrued and unpaid interest, fees and other charges (the "Accelerated Balance"); (2) if you have so elected to authorize in writing, we may make withdrawals from your Bank Account or charge your Card pursuant to any Optional Loan Payment Authorization; (3) we may seek payment of any such Accelerated Balance under the terms set forth in the Payment Authorization for the Accelerated Balance below; (4) we may continue to charge you interest at the Interest Rate on any unpaid amounts; (5) we may charge you for all collection costs we incur (including reasonable attorneys' fees), to the extent allowed by applicable law as awarded by the court or arbitrator; and (6) we may exercise any other right or remedy allowed by law and this Agreement. After default, interest will continue to accrue on what you owe us at the Interest Rate as set forth above.

**Payment Authorization for the Accelerated Balance:** If you are in default and we require payment of the Accelerated Balance, you authorize and direct us (which includes, for the purpose of this Authorization, our successors, assigns, agents and service providers) to seek payment of the Accelerated Balance within 45 days of default by (1) initiating one or more electronic debits to the bank account specified in your application, if any, or any substitute bank account that you later supply and authorize us to debit (the "Bank Account"); (2) initiating a charge to the payment card specified in your application, if any, or any substitute payment card that you

later supply and authorize us to debit (the "Card"); or (3) creating and presenting or depositing a remotely created check ("RCC") or remotely created payment order payable on demand ("RCPO") drawn on your Bank Account. (RCCs and RCPOs generally look like checks you would write, but they do not have your signature and, in the case of RCPOs, may exist only as electronic images. They generally post to your Bank Account in the same way as regular checks you write.) You authorize us to choose the method by which to seek payment from among those methods for which you have authorized and supplied information. In the event that a payment we seek is returned unpaid, you authorize us to seek that payment up to two more times (or any greater number of times permitted by applicable network rules) by, in our sole discretion, the same payment method or a different method. In the event we make an error in seeking any payment authorized above, you authorize us to correct the error by arranging for an RCC, RCPO or deposit to or from the Bank Account, as applicable, or initiating an electronic debit or credit, as applicable, to the Bank Account or Card in the amount of the error on or after the date any such error occurs. Instead of or in addition to any payments described above, you authorize us to seek payment from the Bank Account by electronic debit, RCC or RCPO and/or from the Card for any amount and on any date that you subsequently confirm by phone, text message or email. If you wish to cancel this Authorization, write to us at P.O. Box 780408, Attn: ACH Payments, Wichita, KS 67278, or email us at customerservice@speedycash.com in such time and manner so as to afford us and your bank or Card issuer a reasonable opportunity (typically three business days) to act on your request. You certify that you are an authorized signor on the Bank Account and/or authorized user of the Card. If you inadvertently transpose a digit or make a similar error in providing us with information about a payment method, you authorize us to correct the error after verifying the information.

**Your Rights upon Repossession:** If we repossess the Vehicle as described in the paragraph below, in addition to any right you may have to reinstate your account and get back the Vehicle by making past due payments and paying other amounts you then owe us, you will have the right, at any time prior to our disposal of the Vehicle, to redeem the Vehicle by tendering to us the remaining principal due, together with any and all accrued and unpaid interest, plus any costs we incurred in repossessing the Vehicle and foreclosing upon our lien.

**Statements about Repossession and Sale:**

- **If you default, we may repossess and sell your Vehicle.**
- **If we sell your Vehicle and you do not reinstate your account or redeem the Vehicle,**
  - **--you may not receive any proceeds from the sale because of the costs incurred, AND**
  - **--you may be liable to pay additional funds if the proceeds from the sale of your Vehicle are not sufficient to cover your debt plus the costs of repossession and sale, to the extent permitted by law.**

**Authorization for Autodialed Calls, Text Messages, Prerecorded Messages and Emails:** You authorize us and our agents, representatives and servicers (collectively, the "Messaging Parties") to contact you using automatic telephone dialing systems, artificial or prerecorded voice message systems, text messaging systems and automated email systems in order to provide you with information about this Agreement, including information about upcoming payment due dates, missed payments and returned payments. You authorize the Messaging Parties to make such contacts using any telephone numbers (including wireless, landline and VOIP numbers) or email addresses you supply to the Messaging Parties in connection with this Agreement, the servicing and/or collection of amounts you owe or any other matter. You agree that such calls and messages will not be unsolicited for purposes of state and federal law. You understand that anyone with access to your telephone or email account may listen to or read the messages the Messaging Parties leave or send you, and you agree that the Messaging Parties will have no liability for anyone accessing such messages. You further understand that, when you receive a telephone call, text message or email, you may incur a charge from the company that provides you with telecommunications, wireless and/or Internet services, and you agree that the Messaging Parties will have no liability for such charges. You expressly authorize the Messaging Parties to monitor and record your calls with the Messaging Parties. You understand that, at any time, you may withdraw your consent to receive text messages and calls to your cell phone or to receive artificial or prerecorded voice message system calls by calling the Messaging Parties at 800-856-2911. To stop text messages, you can also simply reply "STOP" to any text message the Messaging Parties send you. To stop emails, you can follow the opt-out instructions included at the bottom of the Messaging Parties' emails.

**Bankruptcy:** You represent that you are not currently a debtor in any bankruptcy proceeding and that you have no intention of filing bankruptcy under any chapter of the United States Bankruptcy Code during the term of this transaction or within 90 days following the completion of this transaction. Any notice(s) of any future bankruptcy petition and all subsequent filings, motions, orders or correspondence shall be mailed or sent by express courier to: SRC Customer Service, Attn: Bankruptcy Department, P.O. Box 780408, Wichita, Kansas 67278. You agree any written or oral communication concerning a bankruptcy with the lender's local office, identified above, is null and void and of no effect.

**Privacy Policy:** We respect the privacy of our customers and are committed to treating customer information responsibly. Our complete privacy policy statement is available on our website at www.speedycash.com or ask for a copy from any Customer Advocate in our loan offices. You may contact Customer Service and we will mail or email a current copy of our Privacy Policy to you. You acknowledge that you have received a copy of our Privacy Policy on this date or within the past twelve (12) months.

**Credit Reporting:** You agree that we may make inquiries concerning your credit history and standing and obtain credit reports on you for as long as your Loan with us remains outstanding. **We may report information about any Loan with us to credit bureaus. Late payments, missed payments or other defaults on your Loan(s) may be reflected in your credit report.** If you believe that any information about your Loan(s) that we have furnished to a consumer reporting agency is inaccurate, or if you believe that you

have been the victim of identity theft in connection with any Loan made by us, write to us at P.O. Box 780408, attention Legal Department, Wichita, KS 67278. In your letter (i) provide your name and Loan number, (ii) identify the specific information that is being disputed, (iii) explain the basis for the dispute, and (iv) provide any supporting documentation you have that substantiates the basis of the dispute. If you believe that you have been the victim of identity theft, submit an identity theft affidavit or identity theft report. **By signing this Agreement, you waive the provisions of Cal. Vehicle Code § 1808.21 and authorize the California Department of Motor Vehicles to furnish your residence address to us.**

**Notices:** We meet all requirements for sending you a notice of any kind if we send it to you by means of United States mail at your last given address, or by email to any email address that you have provided to us.

**Governing Law:** This Agreement shall be governed and construed in accordance with the laws of the State of California, without regard to its conflict of laws rules, and all claims relating to or arising out of this Agreement, or the breach thereof, whether sounding in contract, tort or otherwise, shall likewise be governed by the laws of California, excluding its choice-of-law principles.

**Other Terms:** This Agreement will be binding upon you, your heirs and assigns; however, you may not assign your obligations under this Agreement without our prior written consent. We may, from time to time, delay or refrain from enforcing any of our rights under this Agreement, and we will not lose any of our rights by doing so. By signing below, you affirm, acknowledge and agree that no person has performed any act as a broker in connection with the making of this Loan.

**General:** You agree that if we grant any waiver, modification or other indulgence of any kind at any time, it shall apply only to the specific instance involved and will not act as a waiver, modification or indulgence for any other or future act, event or condition. We may delay enforcing any of our rights under this Agreement without losing them. Time is of the essence of this Agreement. This Agreement constitutes the entire Agreement between the parties and no other agreements, representations or warranties other than those stated herein shall be binding unless reduced in writing and signed by all parties. You may not assign this Agreement without our prior written consent. We may assign this Agreement without your consent. Except for any provision in the Agreements for Resolving Disputes, if any provision in this Agreement is determined by a court or arbitrator to be unenforceable, all other provisions will remain in full force and effect.

**Agreements for Resolving Disputes:** You agree to the "Agreements for Resolving Disputes" set forth below. Except as otherwise provided in the "Agreements for Resolving Disputes," this Agreement will be governed by the laws of the State where this Loan was entered. If any part of this Agreement is found to be unenforceable, that part will be deemed severed from the Agreement and the remaining provisions will be enforced to the fullest extent allowed by law.

## AGREEMENTS FOR RESOLVING DISPUTES; CERTAIN DEFINITIONS

The Pre-Dispute Resolution Procedure, Arbitration Provision and Jury Trial Waiver set forth below govern "Claims" you assert against us or any "related party" of ours and "Claims" we or any related party assert against you.

For purposes of this Agreement, our "related parties" include all parent companies, subsidiaries and affiliates of ours (including Ad Astra Recovery Services, Inc.), and our and their employees, directors, officers, shareholders, governors, managers and members.

The term "Claim" means any claim, dispute or controversy between you and us (or our related parties) that arises from or relates in any way to this Agreement or any services you request or we provide under this Agreement ("Services"); any of our marketing, advertising, solicitations and conduct relating to your request for Services; our collection of any amounts you owe; or our disclosure of or failure to protect any information about you. "Claim" is to be given the broadest possible meaning and includes claims of every kind and nature, including but not limited to, initial claims, counterclaims, cross-claims and third-party claims, and claims based on any constitution, statute, regulation, ordinance, common law rule (including rules relating to contracts, negligence, fraud or other intentional wrongs) and equity. It includes disputes that seek relief of any type, including damages and/or injunctive, declaratory or other equitable relief.

Notwithstanding the foregoing, "Claim" does not include any individual action brought by you in small claims court or your state's equivalent court, unless such action is transferred, removed, or appealed to a different court. In addition, except as set forth in the immediately following sentence, "Claim does not include disputes about the validity, enforceability, coverage or scope of the Arbitration Provision or any part thereof (including, without limitation, Sections 5(C), (D) and/or (E) of the Arbitration Provision (the "Class Action and Multi-Party Claim Waiver"), the clause in the second sentence of Section 10 of the Arbitration Provision beginning with the words "provided, however," and/or this sentence); all such disputes are for a court and not an arbitrator to decide. However, any dispute or argument that concerns the validity or enforceability of the Agreement as a whole is for the arbitrator, not a court, to decide. "Claim" also does not include any "self-help remedy" (that is, any steps taken to enforce rights without a determination by a court or arbitrator, for example, repossession and/or re-titling of a motor vehicle) or any individual action by you or us to prevent the other party from using any self-help remedy, so long as such self-help remedy or individual judicial action does not involve a request for monetary relief of any kind.

## PRE-DISPUTE RESOLUTION PROCEDURE

Before either you, we or any related party commences, joins or participates in any judicial or arbitration proceeding regarding any Claim ("Proceeding"), in any capacity (including as an individual litigant or as a member or representative of any class or proposed class), the complaining party ("Complaining Party") shall give the subject of the Claim (the "Defending Party"): (1) at least 30 days' written notice of the claim ("Claim Notice"), explaining in reasonable detail the nature of the Claim and any supporting facts; and (2)

a reasonable good faith opportunity to resolve the Claim on an individual basis without the necessity of a Proceeding. If you are the Complaining Party, you must send any Claim Notice to CURO Management LLC, Attn: Legal Department, 3527 North Ridge Road, Wichita, Kansas 67205 (or such other address as we shall subsequently provide to you). If you are the Defending Party, any Claim Notice must be sent to you at your address appearing in our records or, if you are represented by an attorney, to your attorney at his or her office address. **If the Complaining Party and the Defending Party do not reach an agreement to resolve the Claim within 30 days after the Claim Notice is received, the Complaining Party may commence a Proceeding, subject to the terms of the Arbitration Provision. Neither the Complaining Party nor the Defending Party shall disclose in any Proceeding the amount of any settlement demand made by the Complaining Party or any settlement offer made by the Defending Party until after the arbitrator or court determines the amount, if any, to which the Complaining Party is entitled (before the application of Section 7 of the Arbitration Provision). No settlement demand or settlement offer may be used in any Proceeding as evidence or as an admission of any liability or damages.**

**ARBITRATION PROVISION**

**VERY IMPORTANT. READ THIS ARBITRATION PROVISION CAREFULLY. IT SETS FORTH WHEN AND HOW CLAIMS (AS DEFINED ABOVE UNDER THE CAPTION "AGREEMENTS FOR RESOLVING DISPUTES; CERTAIN DEFINITIONS") WILL BE ARBITRATED INSTEAD OF LITIGATED IN COURT. IF YOU DON'T REJECT THIS ARBITRATION PROVISION IN ACCORDANCE WITH SECTION 1 BELOW, UNLESS PROHIBITED BY APPLICABLE LAW, IT WILL HAVE A SUBSTANTIAL IMPACT ON THE WAY IN WHICH YOU OR WE RESOLVE ANY CLAIM.**

Unless prohibited by applicable law and unless you reject the Arbitration Provision in accordance with Section 1 below, you and we agree that either party may elect to require arbitration of any Claim under the following terms and conditions:

**1. RIGHT TO REJECT ARBITRATION.** If you do not want this Arbitration Provision to apply, you may reject it within 30 days after the date of this Agreement by delivering to us at CURO Management LLC, Attn: Legal Department, 3527 North Ridge Road, Wichita, Kansas 67205, a written rejection notice which: (a) provides your name and address and the date of this Agreement; and (b) states that you are rejecting the Arbitration Provision in the Agreement. If you want proof of the date of such a notice, you should send the rejection notice by "certified mail, return receipt requested." If you use such a method, we will reimburse you for the postage upon your request. Nobody else can reject arbitration for you (except an attorney at law you have personally retained); this is the only way you can reject arbitration. Your rejection of arbitration will not affect your right to Services or the terms of this Agreement (other than this Arbitration Provision).

**2. ARBITRATION ELECTION.** A Proceeding may be commenced after the Complaining Party complies with the Pre-Dispute Resolution Procedure. The Complaining Party may commence the Proceeding either as a lawsuit or an arbitration by following the appropriate filing procedures for the court or the arbitration administrator selected by the Complaining Party in accordance with this Section 2. If a lawsuit is filed, the Defending Party may elect to demand arbitration under this Arbitration Provision of some or all of the Claims asserted in the lawsuit. To avoid piece-meal Proceedings to the extent possible, the Complaining Party must assert in a single lawsuit or arbitration all of the Claims of which the Complaining Party is aware and the Defending Party must demand arbitration with respect to all or none of the Complaining Party's Claims. Also, if the Complaining Party initially asserts a Claim in a lawsuit on an individual basis but then seeks to assert the Claim on a class, representative or multi-party basis, the Defending Party may make such a demand. A demand to arbitrate a Claim may be given in papers or motions in a lawsuit. If you demand that we arbitrate a Claim initially brought against you in a lawsuit, your demand will constitute your consent to arbitrate the Claim with the administrator of our choice, even if the administrator we choose does not typically handle arbitration proceedings initiated against consumers. Any arbitration Proceeding shall be conducted pursuant to this Arbitration Provision and the applicable rules of the arbitration administrator in effect at the time the arbitration is commenced. The arbitration administrator will be the American Arbitration Association ("AAA"), 1633 Broadway, 10th Floor, New York, NY 10019, www.adr.org.; JAMS, 620 Eighth Avenue, 34th Floor, New York, NY 10018, www.jamsadr.org; or any other company selected by mutual agreement of the parties. If both AAA and JAMS cannot or will not serve and the parties are unable to select an arbitration administrator by mutual consent, the administrator will be selected by a court. Notwithstanding any language in this Arbitration Provision to the contrary, no arbitration may be administered, without the consent of all parties to the arbitration, by any arbitration administrator that has in place a formal or informal policy that is inconsistent with the Class Action and Multi-Party Claim Waiver. The arbitrator will be selected under the administrator's rules, except that the arbitrator must be a lawyer with at least ten years of experience or a retired judge unless the parties agree otherwise.

**3. NON-WAIVER.** Even if all parties have elected to litigate a Claim in court, you or we may elect arbitration with respect to any Claim made by a new party or any new Claim asserted in that lawsuit (including a Claim initially asserted on an individual basis but modified to be asserted on a class, representative or multi-party basis), and nothing in that litigation shall constitute a waiver of any rights under this Arbitration Provision. This Arbitration Provision will apply to all Claims, even if the facts and circumstances giving rise to the Claims existed before the effective date of this Arbitration Provision.

**4. LOCATION AND COSTS.** The arbitrator may decide that an in-person hearing is unnecessary and that he or she can resolve the Claim based on the papers submitted by the parties and/or through a telephone hearing. However, any arbitration hearing that you attend will take place in a location that is reasonably convenient for you. We will consider any good faith request you make for us to pay the administrator's or arbitrator's filing, administrative, hearing and/or other fees if you cannot obtain a waiver of such fees from

the administrator and we will not seek or accept reimbursement of any such fees we agree to pay. We will also pay any fees or expenses we are required by law to pay or that we must pay in order for this Arbitration Provision to be enforced. We will pay the reasonable fees and costs you incur for your attorneys, experts and witnesses if you are the prevailing party or if we are required to pay such amounts by applicable law or by the administrator's rules. The arbitrator shall not limit the attorneys' fees and costs to which you are entitled because your Claim is for a small amount. Notwithstanding any language in this Arbitration Provision to the contrary, if the arbitrator finds that any Claim or defense is frivolous or asserted for an improper purpose (as measured by the standards set forth in Federal Rule of Civil Procedure 11(b)), then the arbitrator may award attorneys' and other fees related to such Claim or defense to the injured party so long as such power does not impair the enforceability of this Arbitration Provision.

**5. NO CLASS ACTIONS OR SIMILAR PROCEEDINGS; SPECIAL FEATURES OF ARBITRATION.** IF YOU OR WE ELECT TO ARBITRATE A CLAIM, NEITHER YOU NOR WE WILL HAVE THE RIGHT TO: (A) HAVE A COURT OR A JURY DECIDE THE CLAIM; (B) OBTAIN INFORMATION PRIOR TO THE HEARING TO THE SAME EXTENT THAT YOU OR WE COULD IN COURT; (C) PARTICIPATE IN A CLASS ACTION IN COURT OR IN ARBITRATION, EITHER AS A CLASS REPRESENTATIVE, CLASS MEMBER OR CLASS OPPONENT; (D) ACT AS A PRIVATE ATTORNEY GENERAL IN COURT OR IN ARBITRATION; OR (E) JOIN OR CONSOLIDATE CLAIM(S) INVOLVING YOU WITH CLAIMS INVOLVING ANY OTHER PERSON. THE RIGHT TO APPEAL IS MORE LIMITED IN ARBITRATION THAN IN COURT. OTHER RIGHTS THAT YOU WOULD HAVE IF YOU WENT TO COURT MAY ALSO NOT BE AVAILABLE IN ARBITRATION.

**6. GETTING INFORMATION.** In addition to the parties' rights under the administrator's rules to obtain information prior to the hearing, either party may ask the arbitrator for more information from the other party. The arbitrator will decide the issue in his or her sole discretion, after allowing the other party the opportunity to object.

**7. SPECIAL PAYMENT: If (a) you submit a Claim Notice on your own behalf (and not on behalf of any other party) and comply with all of the requirements (including timing and confidentiality requirements) of the Pre -Dispute Resolution Procedure; (b) we refuse to provide you with the money damages you request; and (c) an arbitrator issues you an award that is greater than the latest money damages you requested at least ten days before the date the arbitrator was selected, then we will:**

- **pay you the amount of the award or $10,000 ("the alternative payment"), whichever is greater; and\\**

- **pay your attorney, if any, a premium in addition to the amount of attorneys' fees, and expenses (including expert witness fees and costs) that was awarded by the arbitrator in this arbitration in the amount equal to the lesser of $2,500 or fifty percent of the arbitrator's attorneys' fees award ("the attorney premium").**

**The right to attorneys' fees and expenses discussed in this section supplements any right to attorneys' fees and expenses you may have under applicable law. Thus, if you would be entitled to a larger amount under the applicable law, this provision does not preclude the arbitrator from awarding you that amount. However, you may not recover duplicative or multiplier awards of attorneys' fees or costs.**

**8. EFFECT OF ARBITRATION AWARD.** Any court with jurisdiction may enter judgment upon the arbitrator's award. The arbitrator's award will be final and binding, except for: (1) any appeal right under the Federal Arbitration Act, 9 U.S.C. §1, *et seq.* (the "FAA"); and (2) Claims involving more than $50,000 (including Claims that may reasonably require injunctive relief costing more than $50,000). For Claims involving more than $50,000, any party may appeal the award to a three-arbitrator panel appointed by the administrator, which will reconsider *de novo* any aspect of the initial award that is appealed. The panel's decision will be final and binding, except for any appeal right under the FAA. Costs in connection with any such appeal will be borne in accordance with Section 4 of this Arbitration Provision.

**9. GOVERNING LAW.** This Arbitration Provision is made pursuant to a transaction involving interstate commerce and shall be governed by the FAA, and not Federal or state rules of civil procedure or evidence or any state laws that pertain specifically to arbitration, provided that the law of Kansas, where we are headquartered, shall be applicable to the extent that any state law is relevant in determining the enforceability of this Arbitration Provision under Section 2 of the FAA. The arbitrator is bound by the terms of this Arbitration Provision. The arbitrator shall follow applicable substantive law to the extent consistent with the FAA, applicable statutes of limitation and applicable privilege rules, and shall be authorized to award all remedies available in an individual lawsuit under applicable substantive law, including, without limitation, compensatory, statutory and punitive damages (which shall be governed by the constitutional standards applicable in judicial proceedings), declaratory, injunctive and other equitable relief, and attorneys' fees and costs. The arbitrator shall issue a reasoned written decision sufficient to explain the essential findings and conclusions on which the award is based.

**10. SURVIVAL, SEVERABILITY, PRIMACY. This Arbitration Provision shall survive the full payment of any amounts due under this Agreement; any rescission or cancellation of this Agreement; any exercise of a self-help remedy; our sale or transfer of this Agreement or our rights under this Agreement; any legal proceeding by us to collect a debt owed by you; and your (or our) bankruptcy. If any part of this Arbitration Provision cannot be enforced, the rest of this Arbitration Provision will continue to apply; provided, however, that if Section 5(C), (D) and/or (E) is declared invalid in a proceeding between you and us, without in any way impairing the right to appeal such decision, this entire Arbitration Provision (other than this sentence) shall be null and void in such proceeding. In the event of any conflict or inconsistency between this Arbitration Provision and the administrator's rules or the rest of this Agreement, this Arbitration Provision will govern.**

**<ins>JURY TRIAL WAIVER</ins>**

**<ins>YOU AND WE ACKNOWLEDGE THAT THE RIGHT TO TRIAL BY JURY IS A CONSTITUTIONAL RIGHT, BUT THAT IT MAY BE WAIVED UNDER CERTAIN CIRCUMSTANCES.  TO THE EXTENT PERMITTED BY LAW, YOU AND WE, AFTER HAVING HAD THE OPPORTUNITY TO CONSULT WITH COUNSEL, KNOWINGLY AND VOLUNTARILY, AND FOR THE MUTUAL BENEFIT OF ALL PARTIES, WAIVE ANY RIGHT TO TRIAL BY JURY IN THE EVENT OF LITIGATION ARISING OUT OF OR RELATED TO THIS AGREEMENT.  THIS JURY TRIAL WAIVER SHALL NOT AFFECT OR BE INTERPRETED AS MODIFYING IN ANY FASHION ANY SEPARATE ARBITRATION PROVISION BETWEEN YOU AND US, WHICH CONTAINS ITS OWN SEPARATE JURY TRIAL WAIVER.</ins>**

## IMPORTANT NOTICES

**BY SIGNING THIS AGREEMENT OR APPLYING FOR A LOAN:**

- **YOU WILL NOT BE ENTITLED TO HAVE A COURT, OTHER THAN A SMALL CLAIMS COURT TO RESOLVE ANY CLAIM AGAINST US OR RELATED THIRD PARTIES**
- **WILL NOT BE ENTITLED TO HAVE A TRIAL BY JURY TO RESOLVE ANY CLAIM AGAINST US OR RELATED THIRD**
- **YOU WILL NOT BE ABLE TO BRING, JOIN OR PARTICIPATE IN ANY CLASS ACTION LAWSUIT AGAINST US OR RELATED THIRD PARTIES**
- **THIS IS A HIGH INTEREST LOAN**
- **YOU ARE STRONGLY ENCOURAGED TO PAY YOUR PRINCIPAL BALANCE AS SOON AS POSSIBLE TO AVOID CONTINUING INTEREST CHARGES.**
- **YOU SHOULD CONSIDER OTHER CREDIT PRODUCTS AND OPTIONS FOR LONG TERM NEEDS**
- **THIS LOAN IS MADE PURSUANT TO THE CALIFORNIA FINANCE LENDERS LAW, DIVISION 9 (COMMENCING WITH SECTION 22000) OF THE FINANCIAL CODE.**

## FOR INFORMATION CONTACT THE
## DEPARTMENT OF BUSINESS OVERSIGHT, STATE OF CALIFORNIA

By signing below (1) you acknowledge that you have read and received exact copies of this Agreement and all other documents you signed, (2) you acknowledge that there were no blank spaces in this Agreement when you signed it, (3) you agree to the above terms and to the Agreements for Resolving Disputes, and (4) no person has performed any act as a broker in connection with the making of the Loan.

| | | |
|---|---|---|
| _[signature]_ | 14 Jul 2018 | By DON GAYHARDT | 14 Jul 2018 |
| Borrower Signature | Date | Speedy Cash Representative | Date |

# EXHIBIT B

to Declaration of Katrina Anthony in Support of
Defendant Speedy Cash's Motion to Compel Arbitration
and to Stay Proceedings

## SPEEDY CASH (Unsecured)
## INSTALLMENT LOAN PROMISSORY NOTE

Borrower:
ROBERT DOUGHERTY
**Redacted**

California Finance Lenders License No.: 603H774
Lender:
SPEEDY CASH INSTALLMENT LOANS (GALT VENTURES, LLC, DBA.)
4915 MORENO AVE
MONTCLAIR, CA 91763
(909) 625-2274

Agreement Date: 16 Oct 2017

Loan Principal $2,675.00

This is our Agreement with you regarding your Loan with us. It contains important terms and conditions affecting your Loan. **You should read this Agreement carefully before you sign it.**

### Federal Truth in Lending Disclosures

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 135.441% | $10,146.78 | $2,600.00 | $12,746.78 |

### Your Payment Schedule will be:

| Number of Payments | Amount of Payment | When Payment is Due |
|---|---|---|
| 41 | $303.48 | Every Month, beginning 22 Nov 2017 |
| 1 | $304.10 | 28 Apr 2021 |

**Security:** You are giving a security interest in the Optional Loan Payment Authorization [you have signed, if any].
**Prepayment:** If you pay off early, you will not have to pay a penalty. A prepayment penalty/charge may not be imposed for paying all or part of the principal balance before the date on which the principal is due. If you pay off early, you may be entitled to a refund of part of the finance charge.

**Late Charge:** If the full amount of the payment due is not paid in full within 10 days after the Due Date described above, we may charge you a late fee penalty of $10.00.

See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

Itemization of Amount Financed of $2,600.00

| | |
|---|---|
| $2,600.00 | Amount given to you directly |
| $0.00 | Amount paid on your account |
| $0.00 | Amount paid to others on your behalf |
| $0.00 | to [other] |
| $75.00 | Prepaid finance charge |

33660157
16 Oct 2017

CAPME0020170321

Page 1 of 7



*20005095*

## Terms and Conditions

**Definitions:** Certain words used in this Agreement have special meanings. The word **"Agreement"** means this Installment Loan Promissory Note. The words **"you"** and **"your"** mean the person signing this Agreement. The words **"we," "us,"** and **"our"** mean the Lender identified on the first page of this Agreement in the upper right hand corner doing business as Speedy Cash, inclusive of Lender's agents, successors and lawful assigns. The word **"Loan"** means the installment loan that is described and governed by this Agreement. The boxed-in disclosures above are part of the terms and conditions of this Agreement.

**Promise to Pay:** You promise to pay us the Loan Principal amount shown above ("principal"), together with interest and other fees, penalties and charges as provided in this Agreement.

**Interest Rate:** We charge and you agree to pay a rate of _____11.00%_____ per month ("Interest Rate"). The interest shall be computed on the basis of the number of days actually elapsed. We calculate the daily simple interest factor by multiplying the Interest Rate by 12 and dividing the product by 365. Interest shall not be payable in advance or compounded. Interest shall accrue on the outstanding principal balance until payment in full.

**Scheduled Payment Amounts:** The Payment Schedule above assumes all of your payments are made on time. If you are late making a payment, the amount of your last payment may be greater than disclosed in the Payment Schedule. Likewise, if you are late making a payment, the Finance Charge and Total of Payments may be greater than disclosed above. Interest continues to accrue on the delinquent portion of any scheduled payment until the payment is made in full, and regardless of whether you have been charged a late fee because of the delinquent payment.

**Loan Origination Fee:** You agree to pay us the loan origination fee (also known as a "prepaid finance charge") shown above. The loan origination fee is non-refundable.

**Payments:** You agree to pay to us principal and interest in accordance with the Payment Schedule shown above without prior demand, notice or claim of set off. Payments of the aggregate amount contracted (Total of Payments) are to be paid in substantially equal periodic installments, the first of which shall be due not less than 15 days nor more than one month and 15 days from the date the Loan is made. Payments must be received in cash or approved money order or cashier's check on or before the close of business on the date payment is due. To obtain information on hours of operation, contact Lender. **If you do not timely pay, then we may submit your payment due by the optional payment authorizations you may have elected to provide to us.** All payments will be applied in the following order: (i) uncollected fees, (ii) default fees, (iii) returned check fees, (iv) late charges, (v) accrued interest, then (vi) principal. You have the right to make payments in any amount in advance at any time.

**Late Charge:** If the full amount of the payment due is not paid within 10 days after the due date described above, we may charge you a late fee penalty of $10.00.

**Prepayment:** You have the right to make payment in advance and in any amount on any contract of loan with us (including this Loan) at any time. If you prepay your Loan, you will not have to pay a penalty, but you will not be entitled to a refund of any portion of the loan origination fee (prepaid finance charge). If you default, you may be required to prepay the outstanding balance of your Loan in full.

**Rescission:** You may cancel this Loan without paying any Finance Charge. To do so you must pay us all amounts that we have given you under this Agreement no later than the close of business on the next business day following the date of this Agreement. Your payment must be in the form of cash. If we receive your payment on time, we will refund any prior amounts you have paid us in advance and cancel your Loan.

**Voluntary Authorizations:** If you have so indicated by your signature on any accompanying Optional Loan Payment Authorization, then your signature authorizes and directs us to process your loan payments electronically as Electronic Funds Transfers and if you provide us with a Card or a Bank Account (as those terms are defined in the Optional Loan Payment Authorization), you agree to the Authorizations as set forth therein.

**Federal Disclosure of the Optional Loan Payment Authorization as Security.** Pursuant to Comment 2(a)(25) of the Official Staff Commentary to Regulation Z §1026.2, we have disclosed to you that our interest in any Optional Loan Payment Authorization you have elected to provide is a security interest for Federal Truth-In-Lending Act purposes only, because federal and state law do not clearly address whether our interest in any Optional Loan Payment Authorization you elected to provide is a "security interest." However, the Federal Truth-In-Lending disclosures are not intended to create a security interest under state law.

**Returned Payment Fee:** If any payment you make under this Agreement is returned to us unpaid due to insufficient funds or account closure, you agree to pay us a Returned Payment Fee of $15.00, plus any fees charged by your financial institution for the returned check.

**Nonpayment and Default:** You will be in default if (1) you fail to make any payment in the required amount when due under this Agreement; (2) you break any promise you have made under this Agreement; or (3) you become insolvent, meaning you are unable to pay your debts as they become due or any proceeding is commenced by you or against you under any state or federal bankruptcy or insolvency laws.

**Our Rights Upon Default:** If you default, we may take any of the following actions to the extent allowed by applicable law: (1) we may require you to pay immediately the entire unpaid principal balance and all accrued and unpaid interest, fees and other charges (the "Accelerated Balance"); (2) if you have so elected to authorize in writing, we may make withdrawals from your Bank Account or charge your Card pursuant to any Optional Loan Payment Authorization; (3) we may seek payment of any such Accelerated Balance under the terms set forth in the Payment Authorization for the Accelerated Balance below; (4) we may continue to charge you interest at the Interest Rate on any unpaid amounts; (5) we may charge you for all collection costs we incur (including reasonable attorneys' fees), to the extent allowed by applicable law as awarded by the court or arbitrator; and (6) we may exercise any other right or remedy allowed by law and this Agreement. After default, interest will continue to accrue on what you owe us at the Interest Rate as set forth above.

**Payment Authorization for the Accelerated Balance:** If you are in default and we require payment of the Accelerated Balance, you authorize and direct us (which includes, for the purpose of this Authorization, our successors, assigns, agents and service providers) to seek payment of the Accelerated Balance within 45 days of default by (1) initiating one or more electronic debits to the bank account specified in your application, if any, or any substitute bank account that you later supply and authorize us to debit (the "Bank Account"); (2) initiating a charge to the payment card specified in your application, if any, or any substitute payment card that you later supply and authorize us to debit (the "Card"); or (3) creating and presenting or depositing a remotely created check ("RCC") or remotely created payment order payable on demand ("RCPO") drawn on your Bank Account. (RCCs and RCPOs generally look like checks you would write, but they do not have your signature and, in the case of RCPOs, may exist only as electronic images. They generally post to your Bank Account in the same way as regular checks you write.) You authorize us to choose the method by which to seek payment from among those methods for which you have authorized and supplied information. In the event that a payment we seek is returned unpaid, you authorize us to seek that payment up to two more times (or any greater number of times permitted by applicable network rules) by, in our sole discretion, the same payment method or a different method. In the event we make an error in seeking any payment authorized above, you authorize us to correct the error by arranging for an RCC, RCPO or deposit to or from the Bank Account, as applicable, or initiating an electronic debit or credit, as applicable, to the Bank Account or Card in the amount of the error on or after the date any such error occurs. Instead of or in addition to any payments described above, you authorize us to seek payment from the Bank Account by electronic debit, RCC or RCPO and/or from the Card for any amount and on any date that you subsequently confirm by phone, text message or email. If you wish to cancel this Authorization, write to us at P.O. Box 780408, Attn: ACH Payments, Wichita, KS 67278; or email us at customerservice@speedycash.com in such time and manner so as to afford us and your bank or Card issuer a reasonable opportunity (typically three business days) to act on your request. You certify that you are an authorized signor on the Bank Account and/or authorized user of the Card. If you inadvertently transpose a digit or make a similar error in providing us with information about a payment method, you authorize us to correct the error after verifying the information.

**Authorization for Autodialed Calls, Text Messages, Prerecorded Messages and Emails:** You authorize us and our agents, representatives and servicers (collectively, the "Messaging Parties") to contact you using automatic telephone dialing systems, artificial or prerecorded voice message systems, text messaging systems and automated email systems in order to provide you with information about this Agreement, including information about upcoming payment due dates, missed payments and returned payments. You authorize the Messaging Parties to make such contacts using any telephone numbers (including wireless, landline and VOIP numbers) or email addresses you supply to the Messaging Parties in connection with this Agreement, the servicing and/or collection of amounts you owe or any other matter. You agree that such calls and messages will not be unsolicited for purposes of state and federal law. You understand that anyone with access to your telephone or email account may listen to or read the messages the Messaging Parties leave or send you, and you agree that the Messaging Parties will have no liability for anyone accessing such messages. You further understand that, when you receive a telephone call, text message or email, you may incur a charge from the company that provides you with telecommunications, wireless and/or Internet services, and you agree that the Messaging Parties will have no liability for such charges. You expressly authorize the Messaging Parties to monitor and record your calls with the Messaging Parties. You understand that, at any time, you may withdraw your consent to receive text messages and calls to your cell phone or to receive artificial or prerecorded voice message system calls by calling the Messaging Parties at 800-856-2911. To stop text messages, you can also simply reply "STOP" to any text message the Messaging Parties send you. To stop emails, you can follow the opt-out instructions included at the bottom of the Messaging Parties' emails.

**Bankruptcy:** You represent that you are not currently a debtor in any bankruptcy proceeding and that you have no intention of filing bankruptcy under any chapter of the United States Bankruptcy Code during the term of this transaction or within 90 days following the completion of this transaction. Any notice(s) of any future bankruptcy petition and all subsequent filings, motions, orders or correspondence shall be mailed to: SRC Customer Service, Attn: Bankruptcy Department, P.O. Box 780408, Wichita, Kansas 67278. You agree that any written or oral communication concerning a bankruptcy with the Lender's local office, identified above, is null and void and of no effect.

**Privacy Policy:** We respect the privacy of our customers and are committed to treating customer information responsibly. Our complete privacy policy statement is available on our website at www.speedycash.com or ask for a copy from any Customer Advocate in our loan offices. You may contact Customer Service and we will mail or email a current copy of our Privacy Policy to you. You acknowledge that you have received a copy of our Privacy Policy on this date or within the past twelve (12) months.

**Credit Reporting:** You agree that we may make inquiries concerning your credit history and standing and obtain credit reports on you for as long as any Loan with us remains outstanding. **We may report information about any Loan with us to credit bureaus. Late**

payments, missed payments or other defaults on your Loan(s) may be reflected in your credit report. If you believe that any information about your Loan(s) that we have furnished to a consumer reporting agency is inaccurate, or if you believe that you have been the victim of identity theft in connection with any Loan made by us, write to us at P.O. Box 780408, attention Legal Department, Wichita, KS 67278. In your letter (i) provide your name and Loan number, (ii) identify the specific information that is being disputed, (iii) explain the basis for the dispute, and (iv) provide any supporting documentation you have that substantiates the basis of the dispute. If you believe that you have been the victim of identity theft, submit an identity theft affidavit or identity theft report. **By signing this Agreement, you waive the provisions of Cal. Vehicle Code § 1808.21 and authorize the California Department of Motor Vehicles to furnish your residence address to us.**

**Notices:** We meet all requirements for sending you a notice of any kind if we send it to you by means of United States mail at your last given address, or by email to any email address that you have provided to us.

**Governing Law:** This Agreement shall be governed and construed in accordance with the laws of the State of California, without regard to its conflict of laws rules, and all claims relating to or arising out of this Agreement, or the breach thereof, whether sounding in contract, tort or otherwise, shall likewise be governed by the laws of California, excluding its choice-of-law principles.

**Other Terms:** This Agreement will be binding upon you, your heirs and assigns; however, you may not assign your obligations under this Agreement without our prior written consent. We may, from time to time, delay or refrain from enforcing any of our rights under this Agreement, and we will not lose any of our rights by doing so. By signing below, you affirm, acknowledge and agree that no person has performed any act as a broker in connection with the making of this Loan.

**General:** You agree that if we grant any waiver, modification or other indulgence of any kind at any time, it shall apply only to the specific instance involved and will not act as a waiver, modification or indulgence for any other or future act, event or condition. We may delay enforcing any of our rights under this Agreement without losing them. Time is of the essence of this Agreement. This Agreement constitutes the entire Agreement between the parties and no other agreements, representations or warranties other than those stated herein shall be binding unless reduced in writing and signed by all parties. You may not assign this Agreement without our prior written consent. We may assign this Agreement without your consent. Except for any provision in the Agreements for Resolving Disputes, if any provision in this Agreement is determined by a court or arbitrator to be unenforceable, all other provisions will remain in full force and effect.

**Agreements for Resolving Disputes:** You agree to the "Agreements for Resolving Disputes" set forth below. Except as otherwise provided in the "Agreements for Resolving Disputes," this Agreement will be governed by the laws of the State where this Loan was entered. If any part of this Agreement is found to be unenforceable, that part will be deemed severed from the Agreement and the remaining provisions will be enforced to the fullest extent allowed by law.

## AGREEMENTS FOR RESOLVING DISPUTES; CERTAIN DEFINITIONS

The Pre-Dispute Resolution Procedure, Arbitration Provision and Jury Trial Waiver set forth below govern "Claims" you assert against us or any "related party" of ours and "Claims" we or any related party assert against you.

For purposes of this Agreement, our "related parties" include all parent companies, subsidiaries and affiliates of ours (including Ad Astra Recovery Services, Inc.), and our and their employees, directors, officers, shareholders, governors, managers and members.

The term "Claim" means any claim, dispute or controversy between you and us (or our related parties) that arises from or relates in any way to this Agreement or any services you request or we provide under this Agreement ("Services"); any of our marketing, advertising, solicitations and conduct relating to your request for Services; our collection of any amounts you owe; or our disclosure of or failure to protect any information about you. "Claim" is to be given the broadest possible meaning and includes claims of every kind and nature, including but not limited to, initial claims, counterclaims, cross-claims and third-party claims, and claims based on any constitution, statute, regulation, ordinance, common law rule (including rules relating to contracts, negligence, fraud or other intentional wrongs) and equity. It includes disputes that seek relief of any type, including damages and/or injunctive, declaratory or other equitable relief.

Notwithstanding the foregoing, "Claim" does not include any individual action brought by you in small claims court or your state's equivalent court, unless such action is transferred, removed, or appealed to a different court. In addition, except as set forth in the immediately following sentence, "Claim does not include disputes about the validity, enforceability, coverage or scope of the Arbitration Provision or any part thereof (including, without limitation, Sections 5(C), (D) and/or (E) of the Arbitration Provision (the "Class Action and Multi-Party Claim Waiver"), the clause in the second sentence of Section 10 of the Arbitration Provision beginning with the words "provided, however," and/or this sentence); all such disputes are for a court and not an arbitrator to decide. However, any dispute or argument that concerns the validity or enforceability of the Agreement as a whole is for the arbitrator, not a court, to decide. "Claim" also does not include any "self-help remedy" (that is, any steps taken to enforce rights without a determination by a court or arbitrator, for example, repossession and/or re-titling of a motor vehicle) or any individual action by you or us to prevent the other party from using any self-help remedy, so long as such self-help remedy or individual judicial action does not involve a request for monetary relief of any kind.

## PRE-DISPUTE RESOLUTION PROCEDURE

Before either you, we or any related party commences, joins or participates in any judicial or arbitration proceeding regarding any Claim ("Proceeding"), in any capacity (including as an individual litigant or as a member or representative of any class or proposed class), the complaining party ("Complaining Party") shall give the subject of the Claim (the "Defending Party"): (1) at least 30 days' written notice of the claim ("Claim Notice"), explaining in reasonable detail the nature of the Claim and any supporting facts; and (2) a reasonable good faith opportunity to resolve the Claim on an individual basis without the necessity of a Proceeding. If you are the Complaining Party, you must send any Claim Notice to CURO Management LLC, Attn: Legal Department, 3527 North Ridge Road, Wichita, Kansas 67205 (or such other address as we shall subsequently provide to you). If you are the Defending Party, any Claim Notice must be sent to you at your address appearing in our records or, if you are represented by an attorney, to your attorney at his or her office address. **If the Complaining Party and the Defending Party do not reach an agreement to resolve the Claim within 30 days after the Claim Notice is received, the Complaining Party may commence a Proceeding, subject to the terms of the Arbitration Provision. Neither the Complaining Party nor the Defending Party shall disclose in any Proceeding the amount of any settlement demand made by the Complaining Party or any settlement offer made by the Defending Party until after the arbitrator or court determines the amount, if any, to which the Complaining Party is entitled (before the application of Section 7 of the Arbitration Provision). No settlement demand or settlement offer may be used in any Proceeding as evidence or as an admission of any liability or damages.**

## ARBITRATION PROVISION

**VERY IMPORTANT. READ THIS ARBITRATION PROVISION CAREFULLY. IT SETS FORTH WHEN AND HOW CLAIMS (AS DEFINED ABOVE UNDER THE CAPTION "AGREEMENTS FOR RESOLVING DISPUTES; CERTAIN DEFINITIONS") WILL BE ARBITRATED INSTEAD OF LITIGATED IN COURT. IF YOU DON'T REJECT THIS ARBITRATION PROVISION IN ACCORDANCE WITH SECTION 1 BELOW, UNLESS PROHIBITED BY APPLICABLE LAW, IT WILL HAVE A SUBSTANTIAL IMPACT ON THE WAY IN WHICH YOU OR WE RESOLVE ANY CLAIM.**

Unless prohibited by applicable law and unless you reject the Arbitration Provision in accordance with Section 1 below, you and we agree that either party may elect to require arbitration of any Claim under the following terms and conditions:

**1. RIGHT TO REJECT ARBITRATION.** If you do not want this Arbitration Provision to apply, you may reject it within 30 days after the date of this Agreement by delivering to us at CURO Management LLC, Attn: Legal Department, 3527 North Ridge Road, Wichita, Kansas 67205, a written rejection notice which: (a) provides your name and address and the date of this Agreement; and (b) states that you are rejecting the Arbitration Provision in the Agreement. If you want proof of the date of such a notice, you should send the rejection notice by "certified mail, return receipt requested." If you use such a method, we will reimburse you for the postage upon your request. Nobody else can reject arbitration for you (except an attorney at law you have personally retained); this is the only way you can reject arbitration. Your rejection of arbitration will not affect your right to Services or the terms of this Agreement (other than this Arbitration Provision).

**2. ARBITRATION ELECTION.** A Proceeding may be commenced after the Complaining Party complies with the Pre-Dispute Resolution Procedure. The Complaining Party may commence the Proceeding either as a lawsuit or an arbitration by following the appropriate filing procedures for the court or the arbitration administrator selected by the Complaining Party in accordance with this Section 2. If a lawsuit is filed, the Defending Party may elect to demand arbitration under this Arbitration Provision of some or all of the Claims asserted in the lawsuit. To avoid piece-meal Proceedings to the extent possible, the Complaining Party must assert in a single lawsuit or arbitration all of the Claims of which the Complaining Party is aware and the Defending Party must demand arbitration with respect to all or none of the Complaining Party's Claims. Also, if the Complaining Party initially asserts a Claim in a lawsuit on an individual basis but then seeks to assert the Claim on a class, representative or multi-party basis, the Defending Party may make such a demand. A demand to arbitrate a Claim may be given in papers or motions in a lawsuit. If you demand that we arbitrate a Claim initially brought against you in a lawsuit, your demand will constitute your consent to arbitrate the Claim with the administrator of our choice, even if the administrator we choose does not typically handle arbitration proceedings initiated against consumers. Any arbitration Proceeding shall be conducted pursuant to this Arbitration Provision and the applicable rules of the arbitration administrator in effect at the time the arbitration is commenced. The arbitration administrator will be the American Arbitration Association ("AAA"), 1633 Broadway, 10th Floor, New York, NY 10019, www.adr.org.; JAMS, 620 Eighth Avenue, 34th Floor, New York, NY 10018, www.jamsadr.org; or any other company selected by mutual agreement of the parties. If both AAA and JAMS cannot or will not serve and the parties are unable to select an arbitration administrator by mutual consent, the administrator will be selected by a court. Notwithstanding any language in this Arbitration Provision to the contrary, no arbitration may be administered, without the consent of all parties to the arbitration, by any arbitration administrator that has in place a formal or informal policy that is inconsistent with the Class Action and Multi-Party Claim Waiver. The arbitrator will be selected under the administrator's rules, except that the arbitrator must be a lawyer with at least ten years of experience or a retired judge unless the parties agree otherwise.

**3. NON-WAIVER.** Even if all parties have elected to litigate a Claim in court, you or we may elect arbitration with respect to any Claim made by a new party or any new Claim asserted in that lawsuit (including a Claim initially asserted on an individual basis but modified to

CAPME0020170321

Page 5 of 7

33660157

be asserted on a class, representative or multi-party basis), and nothing in that litigation shall constitute a waiver of any rights under this Arbitration Provision. This Arbitration Provision will apply to all Claims, even if the facts and circumstances giving rise to the Claims existed before the effective date of this Arbitration Provision.

**4. LOCATION AND COSTS.** The arbitrator may decide that an in-person hearing is unnecessary and that he or she can resolve the Claim based on the papers submitted by the parties and/or through a telephone hearing. However, any arbitration hearing that you attend will take place in a location that is reasonably convenient for you. We will consider any good faith request you make for us to pay the administrator's or arbitrator's filing, administrative, hearing and/or other fees if you cannot obtain a waiver of such fees from the administrator and we will not seek or accept reimbursement of any such fees we agree to pay. We will also pay any fees or expenses we are required by law to pay or that we must pay in order for this Arbitration Provision to be enforced. We will pay the reasonable fees and costs you incur for your attorneys, experts and witnesses if you are the prevailing party or if we are required to pay such amounts by applicable law or by the administrator's rules. The arbitrator shall not limit the attorneys' fees and costs to which you are entitled because your Claim is for a small amount. Notwithstanding any language in this Arbitration Provision to the contrary, if the arbitrator finds that any Claim or defense is frivolous or asserted for an improper purpose (as measured by the standards set forth in Federal Rule of Civil Procedure 11(b)), then the arbitrator may award attorneys' and other fees related to such Claim or defense to the injured party so long as such power does not impair the enforceability of this Arbitration Provision.

**5. NO CLASS ACTIONS OR SIMILAR PROCEEDINGS; SPECIAL FEATURES OF ARBITRATION.** IF YOU OR WE ELECT TO ARBITRATE A CLAIM, NEITHER YOU NOR WE WILL HAVE THE RIGHT TO: (A) HAVE A COURT OR A JURY DECIDE THE CLAIM; (B) OBTAIN INFORMATION PRIOR TO THE HEARING TO THE SAME EXTENT THAT YOU OR WE COULD IN COURT; (C) PARTICIPATE IN A CLASS ACTION IN COURT OR IN ARBITRATION, EITHER AS A CLASS REPRESENTATIVE, CLASS MEMBER OR CLASS OPPONENT; (D) ACT AS A PRIVATE ATTORNEY GENERAL IN COURT OR IN ARBITRATION; OR (E) JOIN OR CONSOLIDATE CLAIM(S) INVOLVING YOU WITH CLAIMS INVOLVING ANY OTHER PERSON. THE RIGHT TO APPEAL IS MORE LIMITED IN ARBITRATION THAN IN COURT. OTHER RIGHTS THAT YOU WOULD HAVE IF YOU WENT TO COURT MAY ALSO NOT BE AVAILABLE IN ARBITRATION.

**6. GETTING INFORMATION.** In addition to the parties' rights under the administrator's rules to obtain information prior to the hearing, either party may ask the arbitrator for more information from the other party. The arbitrator will decide the issue in his or her sole discretion, after allowing the other party the opportunity to object.

**7. SPECIAL PAYMENT:   If (a) you submit a Claim Notice on your own behalf (and not on behalf of any other party) and comply with all of the requirements (including timing and confidentiality requirements) of the Pre -Dispute Resolution Procedure; (b) we refuse to provide you with the money damages you request; and (c) an arbitrator issues you an award that is greater than the latest money damages you requested at least ten days before the date the arbitrator was selected, then we will:**

- **pay you the amount of the award or $10,000 ("the alternative payment"), whichever is greater; and\**

- **pay your attorney, if any, a premium in addition to the amount of attorneys' fees, and expenses (including expert witness fees and costs) that was awarded by the arbitrator in this arbitration in the amount equal to the lesser of $2,500 or fifty percent of the arbitrator's attorneys' fees award ("the attorney premium").**

**The right to attorneys' fees and expenses discussed in this section supplements any right to attorneys' fees and expenses you may have under applicable law. Thus, if you would be entitled to a larger amount under the applicable law, this provision does not preclude the arbitrator from awarding you that amount.  However, you may not recover duplicative or multiplier awards of attorneys' fees or costs.**

**8. EFFECT OF ARBITRATION AWARD.** Any court with jurisdiction may enter judgment upon the arbitrator's award. The arbitrator's award will be final and binding, except for: (1) any appeal right under the Federal Arbitration Act, 9 U.S.C. §1, *et seq.* (the "FAA"); and (2) Claims involving more than $50,000 (including Claims that may reasonably require injunctive relief costing more than $50,000). For Claims involving more than $50,000, any party may appeal the award to a three-arbitrator panel appointed by the administrator, which will reconsider *de novo* any aspect of the initial award that is appealed. The panel's decision will be final and binding, except for any appeal right under the FAA. Costs in connection with any such appeal will be borne in accordance with Section 4 of this Arbitration Provision.

**9. GOVERNING LAW.** This Arbitration Provision is made pursuant to a transaction involving interstate commerce and shall be governed by the FAA, and not Federal or state rules of civil procedure or evidence or any state laws that pertain specifically to arbitration, provided that the law of Kansas, where we are headquartered, shall be applicable to the extent that any state law is relevant in determining the enforceability of this Arbitration Provision under Section 2 of the FAA. The arbitrator is bound by the terms of this Arbitration Provision. The arbitrator shall follow applicable substantive law to the extent consistent with the FAA, applicable statutes of limitation and applicable privilege rules, and shall be authorized to award all remedies available in an individual lawsuit under applicable substantive law, including, without limitation, compensatory, statutory and punitive damages (which shall be governed by the constitutional standards applicable in judicial proceedings), declaratory, injunctive and other equitable relief, and attorneys' fees and costs. The arbitrator shall issue a reasoned written decision sufficient to explain the essential findings and conclusions on which the award is based.

10.  SURVIVAL, SEVERABILITY, PRIMACY.  This Arbitration Provision shall survive the full payment of any amounts due under this Agreement; any rescission or cancellation of this Agreement; any exercise of a self-help remedy; our sale or transfer of this Agreement or our rights under this Agreement; any legal proceeding by us to collect a debt owed by you; and your (or our) bankruptcy.  If any part of this Arbitration Provision cannot be enforced, the rest of this Arbitration Provision will continue to apply; provided, however, that if Section 5(C), (D) and/or (E) is declared invalid in a proceeding between you and us, without in any way impairing the right to appeal such decision, this entire Arbitration Provision (other than this sentence) shall be null and void in such proceeding.  In the event of any conflict or inconsistency between this Arbitration Provision and the administrator's rules or the rest of this Agreement, this Arbitration Provision will govern.

## JURY TRIAL WAIVER

YOU AND WE ACKNOWLEDGE THAT THE RIGHT TO TRIAL BY JURY IS A CONSTITUTIONAL RIGHT, BUT THAT IT MAY BE WAIVED UNDER CERTAIN CIRCUMSTANCES.  TO THE EXTENT PERMITTED BY LAW, YOU AND WE, AFTER HAVING HAD THE OPPORTUNITY TO CONSULT WITH COUNSEL, KNOWINGLY AND VOLUNTARILY, AND FOR THE MUTUAL BENEFIT OF ALL PARTIES, WAIVE ANY RIGHT TO TRIAL BY JURY IN THE EVENT OF LITIGATION ARISING OUT OF OR RELATED TO THIS AGREEMENT.  THIS JURY TRIAL WAIVER SHALL NOT AFFECT OR BE INTERPRETED AS MODIFYING IN ANY FASHION ANY SEPARATE ARBITRATION PROVISION BETWEEN YOU AND US, WHICH CONTAINS ITS OWN SEPARATE JURY TRIAL WAIVER.

## IMPORTANT NOTICES

BY SIGNING THIS AGREEMENT OR APPLYING FOR A LOAN:

- YOU WILL NOT BE ENTITLED TO HAVE A TRIAL BY JURY TO RESOLVE ANY CLAIM AGAINST US OR RELATED THIRD PARTIES.
- YOU WILL NOT BE ENTITLED TO HAVE A COURT, OTHER THAN A SMALL CLAIMS COURT TO RESOLVE ANY CLAIM AGAINST US OR RELATED THIRD PARTIES.
- YOU WILL NOT BE ABLE TO BRING, JOIN OR PARTICIPATE IN ANY CLASS ACTION LAWSUIT AGAINST US OR RELATED THIRD PARTIES.
- THIS IS A HIGH INTEREST LOAN.
- YOU ARE STRONGLY ENCOURAGED TO PAY YOUR PRINCIPAL BALANCE AS SOON AS POSSIBLE TO AVOID CONTINUING INTEREST CHARGES.
- YOU SHOULD CONSIDER OTHER CREDIT PRODUCTS AND OPTIONS FOR LONG TERM NEEDS.
- THIS LOAN IS MADE PURSUANT TO THE CALIFORNIA FINANCE LENDERS LAW, DIVISION 9 (COMMENCING WITH SECTION 22000) OF THE FINANCIAL CODE.

## FOR INFORMATION CONTACT THE
## DEPARTMENT OF BUSINESS OVERSIGHT, STATE OF CALIFORNIA

By signing below (1) you acknowledge that you have read and received exact copies of this Agreement and all other documents you signed, (2) you acknowledge that there were no blank spaces in this Agreement when you signed it, (3) you agree to the above terms and to the Agreements for Resolving Disputes, and (4) no person has performed any act as a broker in connection with the making of the Loan.

By _____  16 Oct 2017
Borrower Signature                    Date

By _____  16 Oct 2017
Speedy Cash Representative        Date

# EXHIBIT C

to Declaration of Katrina Anthony in Support of
Defendant Speedy Cash's Motion to Compel Arbitration
and to Stay Proceedings



## CALIFORNIA INSTALLMENT LOAN

### Statements about your Loan:

- I acknowledge that I intend to borrow a principal amount of at least $2,600.00.
- I know that I am encouraged, when I'm able to do so, to make payments of more than the minimum amount due to pay down my principal amount and reduce interest costs.
- This is a high interest loan.
- I believe I can make the payments as they come due and understand the fees and expenses to me if I am late or in default.
- I have considered other credit products and options for long term needs.

### Statement about Mediation and Arbitration:

I will be bound to arbitration to resolve any claims or disputes.  Please see the Loan Agreement, Agreements for Resolving Disputes, for complete terms.

By:_____    14 Jul 2018_____
        Customer Name                                          Date

Loan No.: 36349306

CAXME6020160816

# EXHIBIT D

to Declaration of Katrina Anthony in Support of
Defendant Speedy Cash's Motion to Compel Arbitration
and to Stay Proceedings



## CALIFORNIA INSTALLMENT LOAN

### Statements about your Loan:

- I acknowledge that I intend to borrow a principal amount of at least $2,600.00.
- I know that I am encouraged, when I'm able to do so, to make payments of more than the minimum amount due to pay down my principal amount and reduce interest costs.
- This is a high interest loan.
- I believe I can make the payments as they come due and understand the fees and expenses to me if I am late or in default.
- I have considered other credit products and options for long term needs.

### Statement about Mediation and Arbitration:

I will be bound to arbitration to resolve any claims or disputes.  Please see the Loan Agreement, Agreements for Resolving Disputes, for complete terms.

By: _____   16 Oct 2017
    Customer Name                        Date

Loan No.: 33660157

CAXME6020160816