1
Ahren A. Tiller Esq. [SBN: 250608]
BLC Law Center, APC
2
1230 Columbia St., Ste 1100
San Diego, CA 92101
3
Phone: (619) 894-8831
Facsimile: (866) 444-7026
4
Email: Ahren.Tiller@blc-sd.com

5
Attorneys for Plaintiffs

6

7

8
**UNITED STATES DISTRICT COURT**

9
**SOUTHERN DISTRICT OF CALIFORNIA**

10

11
CINDY DELISLE and ROBERT
DOUGHERTY, Individually and On
12
Behalf of All Others Similarly Situated,

13

14
Plaintiff,

15
vs.

16
SPEEDY CASH,

17

18
Defendant,

Case No.: 3:18-cv-02042-GPC-RBB

**PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION TO STAY PROCEEDINGS FILED BY DEFENDANT SPEEDY CASH**

Date:        October 4, 2019
Time:        1:30pm
Ctrm:        2D

Honorable Gonzalo P. Curiel

19

20
TO THE CLERK OF THE COURT; DEFENDANT, SPEEDY CASH AND THEIR

21
COUNSELS OF RECORD:

22
     PLEASE TAKE NOTICE that Plaintiff, CINDY DELISLE, by and through her

23
Attorneys of Record, herein files the following Response in Opposition to Defendant,

24
SPEEDY CASH's Motion to Stay Proceedings, filed as ECF No. 30.  The Plaintiffs'

25
Response in Opposition is based upon the Record in this Matter, Good Cause, and the

26
following Points and Authorities in Support of said Opposition:

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

Defendant Speedy Cash's Motion seeks an order staying all proceedings in this action, pending the resolution of Speedy Cash's appeal from this Court's June 10, 2019 order denying Speedy Cash's motion to compel arbitration (ECF 30).

However, on June 28, 2019, the Ninth Circuit Court of Appeals issued a lengthy and well-reasoned Opinion in *Blair v. Rent-A-Center, Inc.,* No. 17-17221, 2019 U.S. App. LEXIS 19476 (9th Cir. June 28, 2019), which affirmed the very same legal reasoning this Court followed in its Order Denying Defendant's Motion to Compel Arbitration.  Therefore, since the Ninth Circuit has already decided in *Blair v. Rent-A-Center* the very same issues in which Speedy Cash wishes to appeal in this case, Plaintiffs oppose issuing a stay of these proceedings, as Defendant's pending appeal is now moot.

Alternatively, should this Court choose to stay these proceedings, then Plaintiffs respectfully request that these proceedings only be stayed until the earlier of the passage of time to seek *en banc* review of *Blair v. Rent-A-Center*, a ruling *en banc* by the Ninth Circuit Court of Appeals regarding the issues decided in *Blair*, the deadline to file a Petition for Writ of Certiorari with the U.S. Supreme Court, a denial of a Writ of Certiorari, and/or a ruling by the United States Supreme Court.

### II.

### RELEVANT APPELLATE HISTORY

On February 12, 2019, the same Ninth Circuit Court of Appeals panel heard oral argument on the same calendar for all three (3) consolidated pending appeals, which shared the same issues as this case.  The three consolidated appeals were: (1) *Paula Blair v. Rent-A-Center, Inc,* 2019 U.S. App. LEXIS 19476 (9th Cir. June 28,

*Delisle v. Speedy Cash, et. al., - Opposition to Motion to Stay Proceedings*

1  2019); (2) *McArdle v. AT&T Mobility, LLC,* 474 F. App'x 515 (9th Cir. 2012); and (3)

2  *Tillage v. Comcast Corp.*, No. 18-15288, 2019 U.S. App. LEXIS 19496 (9th Cir. June

3  28, 2019)).

4        All three of the aforementioned consolidated appeals, like here, involved

5  district court cases, whereby said district courts denied motions to compel arbitration

6  based upon the parties' arbitration agreements prohibiting plaintiffs from seeking

7  public injunctive relief in any forum.  All three (3) district courts, just like here,

8  followed the reasoning laid out in *McGill v. Citibank, N.A.*, 2 Cal. 5th 945 (Cal.

9  2017), and *Sakkab v. Luxottica Retail N. Am., Inc.*, 803 F.3d 425, 432 (9th Cir. 2015)

10 to find said arbitration agreements invalid.

11        On June 29, 2019, the same Ninth Circuit panel issued rulings on all three

12 aforementioned appeals.  The Ninth Circuit issued a lengthy well-reasoned opinion in

13 *Paula Blair v. Rent-A-Center, Inc.* first, and then adopted their reasoning as binding

14 authority in their rulings on *McArdle* and *Tillage*. *Id.*

15        In *Blair v. Rent-A-Center, Inc.*, the Ninth Circuit specifically held that, "…the

16 *McGill* rule is a generally applicable contract defense derived from long-established

17 California public policy.  It is a 'ground[] . . . for the revocation of any contract' and

18 falls within the FAA's saving clause at the first step of the preemption analysis. 9

19 U.S.C. § 2." *Blair*, Supra, at \*17-18.

20        Further, the Ninth Circuit in *Blair vs. Rent-A-Center* specifically held that

21 "…the FAA does not preempt the McGill rule." *Id.* at \*25.  Also, the Ninth Circuit in

22 *Blair* rejected the exact same arguments regarding public injunctive relief vs. private

23 relief that Speedy Cash made here in their Motion to Compel arbitration, by stating as

24 follows: "Rent-A-Center alternatively argues that the McGill rule does not apply

25 because Blair's requested relief does not amount to a public injunction. Not so. Blair

26 seeks to enjoin future violations of California's consumer protection statutes, relief

27 oriented to and for the benefit of the general public. *Id.* at \*25 n.3.

28

1    On July 8, 2019, Rent-A-Center West, Inc. filed a Motion to extend time to file

2    a petition for rehearing until August 9, 2019 (See 9th Cir. No. 17-17221, Dkt. No. 42).

3    On July 11, 2019, the Ninth Circuit Clerk entered an Order granting Rent-A-

4    Center's request, thereby extending the time to file a petition for rehearing to August

5    9, 2019 (*Id.*, Dkt. No. 43).  As of the date of this Response in Opposition, no Petition

6    for rehearing has been filed.

7                                              **III.**

8                                          **ARGUMENT**

9    **A.    DEFENDANT'S MOTION TO STAY SHOULD BE DENIED**

10    The inherent power of district courts to grant stays calls "for exercise of sound

11    discretion," where the court *must* properly limit the scope of the stay. *Leyva v.*

12    *Certified Grocers of Cal., Ltd,* 595 F.2d 857, 863 (9th Cir. 1979); *Medina v.*

13    *Nationstar Mortg. LLC,* 2017 U.S. Dist. LEXIS 35835, at *2 (N.D. Ga. 2017). There

14    is a presumption that the stay be denied. See *Lockyer v Mirant Corp.,* 398 F.3d 1098,

15    1110 (9th Cir. 2005). "The proponent of a stay bears the burden of establishing its

16    need." *Nken v. Holder,* 556 U.S. 418, 433-34 (2009).

17    The court must weigh several factors, including "[1] the possible damages

18    which may result from the granting of a stay, [2] the hardship or inequity which a

19    party may suffer in being required to go forward, and [3] the orderly course of justice

20    measured in terms of the simplifying or complicating of issues, proof, and questions

21    of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d

22    265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55).  Here, Speedy Cash has

23    not met this burden in seeking a stay of these proceedings.

24

25    **1.    The Hardships to Plaintiff Would Be Great and Thus Warrants a**

26         **Denial of Defendant's Motion to Stay**

27    In determining whether to stay the action, the Court must balance the "possible

28    damage [to Plaintiffs] which may result from the granting of a stay," with "the

1   hardship or inequity which [Defendants] may suffer in being required to go forward."

2   *CMAX, Inc. v. Hall,* 300 F.2d 265, 268 (9th Cir. 1962).  If there is "even a fair

3   possibility that the stay for which [Defendants] prays will work damage to someone

4   else," then Defendants must show a "clear case of hardship or inequity in being

5   required to go forward." *Landis v. N. Am. Co.,* 299 U.S. 248, 255 (1936).

6          Here, Plaintiffs and the general public (including the putative class) would be

7   harmed from an unchecked allowance of Defendant's predatory lending practices.

8   Due to the existence of a harm on the general public and the putative class, Defendant

9   must show that it will experience a "clear case of hardship or inequity in being

10  required to go forward," which Speedy Cash has not done.

11

12          **2.         The Ninth Circuit Has Already Ruled on Every Issue That Could be**

13                     **the Subject of Defendant's Appeal, thus their Appeal and**

14                     **Subsequent Stay Request are Moot:**

15          An appeal raises serious legal questions if it "contains an issue of first

16  impression within the Ninth Circuit or involves a split in legal authority." *Wilson v.*

17  *Huuuge, Inc.*, 2019 U.S. Dist. LEXIS 33193, at *6 (W.D. Wash. Mar. 1, 2019); see

18  also *Amaro v. Gerawan Farming, Inc.*, 2016 U.S. Dist. LEXIS 157409, at *6 (E.D.

19  Cal. Nov. 14, 2016) (finding that a serious legal question exists where the Ninth

20  Circuit had not addressed a statutory provision at issue in the case, even though the

21  district court disagreed with the movant's interpretation of the statute).

22          A split of legal authority exists where courts have reached different

23  conclusions on the issue.  Here, as discussed above, the Ninth Circuit Court of

24  Appeals in *Blair v. Rent-A-Center* has in essence already affirmed this Court's ruling

25  denying Speedy Cash's Motion to Compel arbitration.  Not only did the Ninth Circuit

26  reject all of Speedy Cash's arguments in support of their Motion to Compel in *Blair*,

27  yet reiterated their affirmation of the McGill rule in *McArdle* and *Tillage*.

28

1    In this situation, the ruling of this Court and the Ninth Circuit's ruling in *Blair*

2  are almost identical.  Therefore, contrary to Speedy Cash's arguments in their Motion

3  to Stay these Proceedings, Defendant has not "…made a strong showing that it is

4  likely to succeed on the merits of its appeal." (ECF 30-1, 4:27-28).  The Ninth Circuit

5  is bound by its ruling in *Blair*, which addressed and denied every single one of

6  Speedy Cash's arguments in support of their Motion to Compel arbitration.

7    Thus, *Blair* is binding upon this Court and Defendant's pending appeal,

8  therefore said appeal is moot and their request for a stay should be denied.

9

10  **B.    ALTERNATIVELY, THIS COURT SHOULD ONLY STAY THESE**

11  **PROCEEDINGS PENDING A REQUEST FOR REHEARING OF**

12  ***BLAIR* AND/OR A WRIT OF CERTIORARI**

13    The only conceivable means by which Speedy Cash can prevail on their appeal

14  is if the Ninth Circuit sits *en banc* and overturns the decision in *Blair*, or the U.S.

15  Supreme Court grants a writ of certiorari and then overturns the Ninth Circuit.

16    As discussed above, the appellants in *Blair v. Rent-A-Center* have requested

17  and been granted an extension until August 9, 2019 to file a request for rehearing to

18  be heard *en banc*. (*Id.* at Dkt. No. 42-43).  Should the appellants in *Blair, McCardle,*

19  and/or *Tillage* be granted a rehearing *en banc* or file a writ of certiorari, then this

20  Court should only stay these proceedings until those courts have ruled on said

21  requests.

22    Therefore, should this Court grant a stay of these proceedings, said stay should

23  only apply while *Blair* might still be overturned *en banc* or by the U.S. Supreme

24  Court.

25  **IV.**

26  **CONCLUSION**

27    In sum, the Ninth Circuit Court of Appeals has thoroughly rejected all of

28  Speedy Cash's arguments on appeal in their lengthy and well-reasoned decision

*Delisle v. Speedy Cash, et. al., - Opposition to Motion to Stay Proceedings*

1  issued in the case of *Blair vs. Rent-A-Center, Inc.*.  Therefore, for the foregoing

2  reasons, Defendant's appeal is moot and there is no reason to stay these proceedings,

3  since Blair is a binding ruling on not only this Court, but on any subsequent Ninth

4  Circuit panel that would hear said issues on appeal.

5       Alternatively, should this Court choose to stay these proceedings, then

6  Plaintiffs respectfully request that said stay only be in effect until the appellants in

7  *Blair*, *McCardle*, and *Tillage* have exhausted their means of overturning the Ninth

8  Circuit's binding decision in *Blair.*

9

10  Dated: July 30th, 2019                    Respectfully submitted,

11                                            **BLC LAW CENTER, APC**

12

13                                 By:  /s/ Ahren Tiller
                                        _____

14                                      Ahren A. Tiller, Esq.
                                        Attorneys for Plaintiffs

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 7 -

*Delisle v. Speedy Cash, et. al., - Opposition to Motion to Stay Proceedings*