| | |
|---|---|
| 1 | |
| 2 | |
| ... | |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDY DELISLE and ROBERT DOUGHERTY, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>SPEEDY CASH,<br><br>Defendant. | Case No.: 3:18-CV-2042-GPC-RBB<br><br>**ORDER GRANTING A DISCRETIONARY STAY FOR NINETY (90) DAYS**<br><br>**[ECF No. 30.]** |

Before the court comes Defendant-Applicant Speedy Cash ("Defendant") seeking an order to stay proceedings in its suit against Plaintiffs Cindy Delisle, Robert Dougherty, and their putative class ("Plaintiffs"). ECF No. 30. After this Court denied Defendant's initial motion to compel arbitration and stay proceedings, ECF No. 23, Defendant filed a still-pending appeal of that decision before the Ninth Circuit. *See* ECF Nos. 31, 33, 34.

The question before the Court now is whether, given that appeal, the Court should stay all proceedings according to the test articulated by the Supreme Court in *Nken v. Holder*, 556 U.S. 418, 433 (2009). Pursuant to Civil Local Rule 7.1(d)(1), the Court finds the matter suitable for adjudication without oral argument and, having considered the parties' arguments, **GRANTS** Defendant's motion requesting a stay for <u>ninety days</u>.

## I. Background

On October 16, 2016, Plaintiffs filed a First Amended Complaint alleging claims under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*, and California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.*, on behalf of themselves and all others similar situated. ECF No. 16 at 9-14. On October 30, 2018, Defendant filed a motion to compel arbitration and stay proceedings, which it later amended on November 13, 2018. ECF Nos. 18, 19.

On June 6, 2019, the Court denied Defendant's motion. ECF No. 23. Counter to Defendant's arguments, the Court found that (1) Plaintiffs seek public injunctive relief within the meaning of *McGill v. Citibank*, N.A., 2 Cal. 5th 945 (2017) ("*McGill*"), and (2) that the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 3-4, does not pre-empt *McGill*. ECF No. 23 at 12-22.

Defendant subsequently filed notice that it would appeal the Court's decision to the Ninth Circuit. ECF Nos. 31, 33, 34. Defendant then filed a second motion requesting to stay proceedings during the pendency of its appeal. ECF No. 30. On July 30, 2019, Plaintiffs filed a response, ECF No. 37, and, on August 6, 2019, Defendant replied. ECF No. 38. The Court now considers Defendant's second motion to stay proceedings.

## II. Discussion

A Court draws its authority to stay proceedings from "the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Granting a stay is "an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (quotations omitted). A "stay is not a matter of right, even if irreparable injury might otherwise result." *Id.* at 427 (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926)).

In considering whether to issue a stay, the Court reviews four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;

(2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011) (citing *Nken*, 556 U.S. at 426).[1] The first two factors "are the most critical," and we only reach the last two "[o]nce an applicant satisfies the first two." *Nken*, 556 U.S. at 434-35. "The [applicant] of a stay bears the burden of establishing its need." *Id.* at 433-34.

### A. Whether Defendant is Likely to Win on the Merits

To satisfy the first *Nken* prong, the applicant must make "a strong showing that he is likely to succeed on the merits." *Leiva-Perez*, 640 F.3d at 966. That showing must establish "more than a mere possibility of relief." *Id.* at 967 (quoting *Nken*, 556 U.S. at 434). However, the standard does not require much more than that; the applicant must only show a "fair prospect" of success or be "reasonably likely" to succeed. *Id.* (quoting *O'Brien v. O'Laughlin*, 557 U.S. 1301, 1302 (2009)). Certainly, the applicant "need not demonstrate that it is more likely than not that he will win." *Id.* at 967.

Alternatively, if an applicant cannot reach this threshold, they may still comply with *Nken*'s first prong by establishing a "substantial case" for relief. *Id.* at 970. A "substantial case" exists where the applicant's claims raise "serious legal questions," i.e., "issue[s] of first impression" or issues causing a split in legal authority. *Wilson v. Huuuge, Inc.*, No. 3:18-CV-05276-RBL, 2019 WL 998319, at *2 (W.D. Wash. Mar. 1, 2019). An applicant may only rely on the "substantial case" threshold where "the balance of hardships tips sharply in the [applicant's] favor." *Leiva-Perez*, 640 F.3d at 970.

---

[1] Pursuant to *Landis*, a court must consider three factors in evaluating a stay: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *Landis*, 299 U.S. at 268). Courts of this circuit have used both the *Nken* test and the *Landis* test to evaluate requests to stay proceedings. This Court adopts the *Nken* test here, as articulated in *Leiva-Perez v. Holder*, 640 F.3d 962 (9th Cir. 2011), as this is the Supreme Court's most recent formulation for considering stays. *See Guifu Li v. A Perfect Franchise, Inc.*, No. 5:10-CV-01189-LHK, 2011 WL 2293221, at *3 (N.D. Cal. June 8, 2011) (applying *Nken* over *Landis*).

Here, Defendant plans to argue before the Ninth Circuit "that Plaintiffs do not seek public injunctive relief, *McGill* is inapplicable, and the Arbitration Provision is enforceable." ECF No. 14. Defendant argues now that it will succeed on the merits or bring forward a "substantial case" for relief because its appeal raises "serious legal questions" for the court. *See Wilson*, 2019 WL 998319, at *3. Plaintiffs contend that Defendant's arguments are foreclosed by *Blair v. Rent-A-Ctr., Inc.*, 928 F.3d 819 (9th Cir. 2019) ("*Blair*"). ECF No. 37 at 5-6. Defendant responds that *Blair* is not binding on this Court as it is not final and that, in any event, *Blair* is not dispositive of Defendant's public injunctive relief argument. ECF No. 38 at 6-9.

As an initial matter, Plaintiffs' argument that Defendant cannot succeed on the merits given the holdings of *Blair* fails. ECF No. 37 at 4-6. As is the case here, the plaintiff in *Blair* sought to enjoin future violations of California law, a remedy the *Blair* panel held was inherently beneficial to the general public under *McGill*. *See Blair*, 928 F.3d at 831 n.3; *see* ECF No. 23 at 13 (holding that "the relief Plaintiffs seek falls squarely within the ambit of public injunctive relief"). Nonetheless, while a final Ninth Circuit opinion is binding on this Court, *see In re Zermeno-Gomez*, 868 F.3d 1048, 1052 (9th Cir. 2017), the opinion in *Blair* is not final because the panel has yet to issue a mandate and thus could "amend[] or withdraw[]" its opinion at any time. *See Carver v. Lehman*, 558 F.3d 869, 878-79 (9th Cir. 2009). Even when the Ninth Circuit issues a mandate, the *Blair* opinion would still not be final "during the period in which either party may appeal." *See United States v. Foumai*, 910 F.2d 617, 620 (9th Cir. 1990) (citing *United States v. DiFrancesco*, 449 U.S. 117, 136 (1980)). Thus, because the *Blair* panel has extended the deadline to file a petition for rehearing *en banc* to accommodate the parties' efforts to reach a settlement, *see* Order at 1, ECF No. 48, *Blair v. Rent-A-Ctr., Inc.*, 928 F.3d 819 (9th Cir. 2019) (No. 17-17221), it would be imprudent for this Court to treat the panel opinion as binding precedent at this time. *See Roberts v. City of Honolulu*, No. 16-16179, 2019 WL 4308874, at *5 (9th Cir. Sept. 12, 2019) (recognizing

that "settlement discussions sometimes result in settlement . . . but sometimes fall through").

At the same time, Defendant's appeal does not raise "serious legal questions." *Leiva-Perez*, 640 F.3d at 966-68. Defendant posits that "whether *McGill* applies to a claim for injunctive relief arising out of a bilateral contractual relationship with no allegations of deceptive advertising or marketing to the general public" is a question which the Ninth Circuit should address. ECF No. 30-1 at 14. However, the opinions cited by Defendant and this Court's prior order all rely on the same test, namely, whether the plaintiff's remedy "is primarily 'for the benefit of the general public.'" *Compare* ECF No. 23 at 15 (applying *McGill*'s primary purpose test to Plaintiff's remedy) *with Sponheim v. Citibank*, N.A., No. SACV19264JVSADSX, 2019 WL 2498938, at *4 (C.D. Cal. June 10, 2019) (same), *and McGovern v. U.S. Bank N.A.*, 362 F. Supp. 3d 850, 854, 857-59 (S.D. Cal. 2019) (same), *and Johnson v. JP Morgan Chase Bank, N.A.*, No. EDCV172477JGBSPX, 2018 WL 4726042, at *6 (C.D. Cal. Sept. 18, 2018) (same), *and Croucier v. Credit One Bank, N.A.*, No. 18CV20-MMA (JMA), 2018 WL 2836889, at *4 (S.D. Cal. June 11, 2018) (same). Hence, the conflict to which Defendant points is merely a difference in the application of that legal test to the specific facts of each case. Because "Defendant[] do[es] not argue that this Court applied the wrong test in denying their motion to compel arbitration . . . [but rather] misapplied the test that all parties agree is [] proper," this situation does not present a "serious legal question" necessitating Ninth Circuit review. *See Guifu Li v. A Perfect Franchise, Inc.*, No. 5:10-CV-01189-LHK, 2011 WL 2293221, at *4 (N.D. Cal. June 8, 2011).

Thus, the question for the Court is whether Defendant has made "a strong showing that he is likely to succeed on the merits." *Leiva-Perez*, 640 F.3d at 966. Here, Defendant argues that Plaintiffs' sought-after remedies do not amount to public injunctive relief for various reasons. ECF No. 30-1 at 11-14. First, relying on *Johnson v. JP Morgan Chase Bank, N.A.*, Defendant argues that Plaintiffs' relief would only benefit individuals who contract with Speedy Cash and thus not the public at large. 2018 WL 4726042, at *6-8;

5

*see also Croucier*, 2018 WL 2836889, at *4. Second, relying on *Sponheim v. Citibank, N.A.*, Defendant contends that Plaintiffs' claims arise out of loan agreements with Speedy Cash and not out of allegedly deceptive marketing to the general public, thus rendering any public relief incidental to plaintiffs' private remedies. 2019 WL 2498938, at *4; *see also McGovern*, 362 F. Supp. 3d at 857-58. Defendants speculate that, if the Ninth Circuit finds Plaintiffs seek public injunctive relief, then "every claim brought under the UCL to cease a future business practice would" also qualify. *See* ECF No. 30-1 at 8.

On the other hand, the reasoning of *Blair* and this Court's prior order denying Defendant's request to compel arbitration help illustrate why Defendant is unlikely to win on the merits. As in *Blair*, Plaintiffs here "seek[] to enjoin future violations of California's consumer protection statutes, relief oriented to and for the benefit of the general public." *Id.* Contrary to Defendant's arguments, that *Blair* quickly dispatched this issue in a footnote underscores the weakness of Defendant's claim. *See* ECF No. 38 at 5; *Blair*, 928 F.3d at 831 n.3. This conclusion mirrors the Court's own finding that Plaintiffs seek public injunctive relief because the requested remedies are directed at Defendants' allegedly "ongoing and harmful" practices which target the California consumer public. *See* ECF No. 23 at 12-13. Similarly, the prospective remedies Plaintiffs' have requested, namely an injunction and corrective advertising, *see* ECF No. 16, at 12, 15, would not benefit Plaintiffs as they have already been harmed, and would instead benefit the California public. *See Broughton v. Cigna Healthplans*, 21 Cal. 4th 1066, 1081 n.5 (1999); *Kilgore v. KeyBank, N.A.*, 718 F.3d 1052, 1061 (9th Cir. 2013). Lastly, the cases cited by Defendant do not squarely address binding Ninth Circuit precedent holding that the FAA does not pre-empt a California rule invalidating waivers of Public Attorney General Act ("PAGA") claims as against public policy—claims that are procedurally similar to requests for public injunctive relief. *See Sakkab v. Luxottica Retail N. Am., Inc.*, 803 F.3d 425, 431-40 (9th Cir. 2015); ECF No. 23 at 22-23 n.3.

In considering these arguments, the Court notes that Defendant need not prove that "ultimate success is probable," and need only show a "*reasonable* probability" of

succeeding. *Leiva-Perez*, 640 F.3d at 964, 67 (emphasis added). Here, the Court finds that though Defendant's arguments are unlikely to prevail, Defendant raises "more than a mere possibility of relief," and thus has made a sufficient "showing that he is likely to succeed on the merits." *Leiva-Perez*, 640 F.3d at 966-67.

### B. Whether Defendant Would Suffer Irreparable Harm Absent a Stay

Plaintiffs "seeking preliminary relief are required to demonstrate that irreparable injury is likely in the absence of an injunction." *Leiva-Perez*, 640 F.3d at 968 (quotations omitted). The Court analyzes the alleged harm on an "individualized" basis to gauge whether that harm is "categorically irreparable" and not merely a "serious burden." *Id.* at 969. In addition, unlike the first prong of *Nken*, the applicant must show that this harm is "is the more probable or likely outcome." *Id.* at 968.

Defendant alleges that, if they succeed on appeal, a decision to not stay proceedings would deprive them of the increased speed and reduced cost stemming from arbitration. *See* 30-1 at 14 (citing *Alascom v. ITT North Electric Company*, 727 F.2d 1419, 1422 (9th Cir. 1984)). Defendants contend that this harm is especially acute where the suit involves a class action because further proceedings would require Defendant to litigate class certification and engage in class-wide discovery. *Id.* at 15-16. Plaintiff does not contest Defendants' arguments.

As a general matter, Defendants' arguments regarding the burden of discovery are well taken. *See, e.g.*, *Doe 1 v. Swift Transportation Co.*, No. 2:10-CV-00899 JWS, 2017 WL 758279, at *3 (D. Ariz. Feb. 24, 2017) (finding irreparable harm created by engaging in class action discovery pending an appeal from a decision denying defendant's motion to compel arbitration); *Kwan v. Clearwire Corp.*, No. C09-1392JLR, 2011 WL 1213176, at *3 (W.D. Wash. Mar. 29, 2011) (same); *Del Rio v. CreditAnswers, LLC*, 2010 U.S. Dist. LEXIS 89181, at *10 (S.D. Cal. Aug. 26, 2010) (same). Moreover, given the "current procedural posture of this case," that harm is clear here as no discovery schedule has been created, ECF No. 32, and the Court has only heard one other substantive motion from the parties. *Cf. Antonelli v. Finish Line, Inc.*, No. 5:11-CV-03874 EJD, 2012 WL

7

2499930, at *2 (N.D. Cal. June 27, 2012) (finding harm even after the parties had engaged in some factual discovery). In addition, if proceedings are not stayed and the Ninth Circuit reverses this Court regarding Defendant's claim to arbitration, Defendant will also suffer significant harm by being forced to litigate any intervening motions that may arise including, but not limited, class certification or summary judgment. *See Mohamed v. Uber Techs., et al*, 115 F. Supp. 3d 1024, 1034 (N.D. Cal. 2015).

Consequently, the Court holds that Defendant will suffer irreparable harm absent a stay and thus finds that the second *Nken* factor weighs in favor of the Defendant.

**C. Whether Other Parties Would Suffer Substantial Injury from a Stay**

At the third *Nken* factor, the Court must evaluate whether a stay would substantially injure other parties interested in the litigation, including the Plaintiff. *Nken*, 556 U.S. at 434. A court must consider "the particulars of each individual case" and cannot "simply assume that ordinarily, the balance of hardships will weigh heavily in the applicant's favor." *Leiva-Perez*, 640 F.3d at 970.

Defendant claims that Plaintiffs would not be substantially injured if the proceedings were stayed and that any harm resulting from a stay can be remedied later. ECF No. 30-1 at 12-13. Plaintiffs claim, to the contrary, that a stay would harm Plaintiff, the putative class, and the general public by allowing "Defendants' predatory lending practices" to continue. ECF No. 37 at 5.

Here, the Court finds that parties interested in this litigation, other than the Defendant, would not suffer a substantial injury. As an initial matter, Plaintiffs fail to articulate a specific and particular harm. *See Leiva-Perez*, 640 F.3d at 970 (warning that courts should not "base stay decisions on assumptions and blithe assertions") (quotations omitted); *Richards v. Ernst & Young LLP*, No. C-08-04988 RMW, 2012 WL 92738, at *4 (N.D. Cal. Jan. 11, 2012) (critiquing plaintiff's "generic" concerns). And, given the subject matter of the litigation, it is unlikely that a stay would lead to the "loss of witnesses, tangible evidence, and potential claimants." *See Roe v. SFBSC Mgmt., LLC*, No. 14-CV-03616-LB, 2015 WL 1798926, at *4 (N.D. Cal. Apr. 17, 2015); *cf. Cesca*

8

*Therapeutics Inc. v. SynGen Inc.*, No. 2:14-CV-2085-TLN-KJN, 2017 WL 1174062, at *6 (E.D. Cal. Mar. 30, 2017). There is also little risk that granting this temporary stay will substantially delay Plaintiffs' "day in court" as the litigation is still in a nascent phase. *See DBD Credit Funding LLC v. Silicon Labs., Inc.*, No. 16-CV-05111-LHK, 2016 WL 6893882, at *13 (N.D. Cal. Nov. 23, 2016) (quoting *Bradberry v. T-Mobile USA, Inc.*, No. C 06 6567 CW, 2007 WL 2221076 (N.D. Cal. Aug. 2, 2007)).

### D. Whether a Stay is in the Public Interest

At the fourth and final factor, the Court must consider whether a stay would serve the public interest. *Leiva-Perez*, 640 F.3d at 970. Here, Defendant argues that a stay would serve two public interests: "the federal policy favoring arbitration embodied in the FAA and the conservation of judicial resources." ECF No. 30-1 at 14. Plaintiff does not provide a counterargument.

The Court finds that a stay best serves the public interest for three reasons. First, though Plaintiffs have an interest in a timely prosecution of their case, the public has a prevailing interest "in efficient use of judicial resources." *Romero v. Securus Techs., Inc.*, 383 F. Supp. 3d 1069, 1077 (S.D. Cal. 2019). Second, permitting the Ninth Circuit to first address Defendant's appeal before continuing the litigation would help reduce the risk of inconsistent or ineffectual rulings. *See Eberle v. Smith*, No. 07-CV-0120 W WMC, 2008 WL 238450, at *4 (S.D. Cal. Jan. 29, 2008) (quoting *Bradford-Scott Data Corp. v. Physician Computer Network, Inc.*, 128 F.3d 504, 506 (7th Cir.1997)) ("Continuation of proceedings in the district court largely defeats the point of the appeal and creates a risk of inconsistent handling of the case by two tribunals."). Lastly, several courts have recognized a "liberal federal policy favoring arbitration" and ordering a temporary stay here would best enforce that policy. *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011); *see also Velasquez-Reyes v. Samsung Elecs. Am., Inc.*, No. EDCV161953DMGKK, 2018 WL 6074573, at *3 (C.D. Cal. Mar. 8, 2018); *Murphy v. DirecTV, Inc.*, No. 2:07-CV-06465-FMC, 2008 WL 8608808, at *4 (C.D. Cal. July 1, 2008) (collecting cases).

### III. Conclusion

For the foregoing reasons, Speedy Cash's motion to stay proceedings is **GRANTED**. ECF No. 30.

**IT IS ORDERED** that all proceedings in this matter, including discovery proceedings before the magistrate judge which pertain to the putative class (as opposed to the named plaintiffs exclusively), will be stayed. The stay will last the lesser of two periods from the date upon which this order issued: either (A) a period of ninety (90) days or (B) until the plaintiffs in *Blair v. Rent-A-Ctr., Inc.*, 928 F.3d 819 (9th Cir. 2019), and its companion cases, exhaust their opportunity to appeal the Ninth Circuit's final decision.

**IT IS FURTHERED ORDERED** that the Parties will file a status report on or about November 22, 2019 appraising the court of the progress made in *Blair*.

**IT IS SO ORDERED.**

Dated: October 3, 2019

Hon. Gonzalo P. Curiel
United States District Judge